Bingham McCutchen LLP
THOMAS KUHNLE (SBN 178055)
email: tom.kuhnle@bingham.com
KRISTEN M. PEZONE (SBN 224057)
email: kristen.pezone@bingham.com
1900 University Avenue
East Palo Alto, CA 94303
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD MASTERS, <br><br> Plaintiff, <br> v. <br><br> BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC CORPORATION 2000 LONG TERM INCENTIVE PLAN and DOES 1-50, <br><br> Defendant. | No. 5:07-cv-03792-JW <br><br> JOINT CASE MANAGEMENT STATEMENT <br><br> Date: February 25, 2008 <br> Time: 10:00 a.m. <br> Place: Department 8 <br> Judge: Hon. James Ware |

Pursuant to Local Rule 16-9, Plaintiff Donald Masters ("Plaintiff") and Defendant Boston Scientific Corporation ("Defendant") hereby submit this Joint Case Management Statement in the above-entitled action.

**1.    Jurisdiction and Service**

The basis for this Court's jurisdiction over Plaintiff's claims is diversity jurisdiction under 28 U.S.C. § 1332. There are no issues regarding personal jurisdiction, venue or service.

A/72417999.11/0088579-0000326656                                        Case No. No. 5:07-cv-03792-JW

JOINT CASE MANAGEMENT STATEMENT

**2.    Facts**

    **a.    Brief Chronology**

Plaintiff was employed by Defendant from July 1994 to January 2001, and again from December 2003 to the present. From time to time, Defendant issued Long Term Incentive Plans that permitted the issuance of nonqualified stock options under certain terms, and the subsequent exercise of those options under certain conditions. The conditions for exercising the stock options included rules that applied when an employee left the employment of Defendant, including when an employee "retired."

Defendant's 2000 Long Term Incentive Plan (the "2000 Plan") permitted an Administrator (the Board of Directors or a designated committee, for purposes of this action) to grant employees stock options. The 2000 Plan defined "Retirement" using the so-called "Rule of 62":

> Unless the Administrator expressly provides otherwise, cessation of employment or other service relationship with the Company and its Affiliates if, as of the date of such cessation, (i) the Participant has attained age 50 and has accrued at least five years of service with the Company and its Affiliates, and (ii) the sum of the Participant's age and years of service as of such date equals or exceeds 62.

Plaintiff was 59 years old when he departed from Defendant's employment in January 2001, and had been employed for 6.5 years.

The three agreements by which Plaintiff received his options in 2000 ("2000 Agreements"), which were subject to the 2000 Plan, defined "Retirement" as occurring when an employee ceases employment "at or after the normal retirement date specified in the Company's pension or other deferred compensation plan applicable generally to employees of the Company or, with the consent of the Committee, any early retirement date so specified." This provision was consistent with the preceding Long Term Incentive Plans enacted by Defendant in 1992 and 1995.

Plaintiff contends that neither this provision of the 2000 Agreements nor any other act by Defendant "expressly provided otherwise" as required by the 2000 Plan, and

1  therefore the "Rule of 62" applied to Plaintiff's options.  First, the provision doesn't reference
2  any particular age, and refers only to a "retirement date" provided by pension or other deferred
3  compensation plans.  Second, the 2000 Agreements allow for "any early retirement date so
4  specified" by a designated committee, such as the 2000 Plan "Rule of 62" language.  Third, the
5  2000 Plan is a deferred compensation plan to which the 2000 Agreements could refer.  Fourth,
6  pursuant to the terms of the 2000 Agreements by which Plaintiff received his options, (i) those
7  2000 Agreements were made "pursuant to" the 2000 Plan, (ii) the 2000 Plan expressly controls
8  any conflict between the 2000 Agreement and the 2000 Plan, and (iii) any stock option granted
9  by the 2000 Agreements "is subject to the [2000] Plan."  If Defendant had intended to "expressly
10 provide" for anything other than the "Rule of 62" detailed in the governing 2000 Plan, it could
11 have done so easily and clearly.  Defendant did not, and therefore the "Rule of 62" applied.
12             Defendant contends that, as provided in the 2000 Plan, the Administrator
13 "expressly provided otherwise" in defining "Retirement" in the stock option agreements.  Instead
14 of using the default definition, the Administrator expressly defined "retirement" by referencing
15 the Defendant's "pension or other deferred compensation plan."  This was consistent with prior
16 stock option agreements, and was documented in meeting minutes and a unanimous written
17 consent of the Executive Compensation and Human Resources Committee of the Board of
18 Directors.  In implementing the language in the stock option agreements, Defendant used the
19 definition of "retirement" in its applicable 401(k) plan, which is the age of 62.  The use of "Age
20 62" for retirement was consistent with Defendant's practice under the 1992 and 1995 Plans.
21 Defendant notes that contrary to Plaintiff's contention, the "2000 Plan" cannot be a "deferred
22 compensation plan" under the Internal Revenue Code and its implementing regulations.
23             On June 6, 2007, Plaintiff filed this action in the Superior Court of the State of
24 California, County of Santa Clara, alleging the following causes of action:  (1) breach of
25 contract; (2) misrepresentation, failure to disclose, or mistake; (3) failure to administer the stock
26 option plan with prudence, reasonable care, and competence; and (4) breach of fiduciary duty.
27             On July 24, 2007, Defendant filed a Notice of Removal to this Court based on
28 diversity jurisdiction.  On October 3, 2007, the parties stipulated, and the Court agreed, to

1  continue the Case Management Conference until February 25, 2008.  The parties have not
2  engaged in any formal discovery to date.

      **b.**      **Principal Factual Issues In Dispute**

4        Most facts are undisputed, though both parties are still investigating and may
5  discover material disputed facts.

    **3.**    **Legal Issues**

7      a.    Whether the 2000 Plan Administrator used the "Rule of 62" definition or
8  the "age of 62" definition of "Retirement" when it awarded Plaintiff stock options under the
9  2000 Plan and the individual stock option agreements;

10      b.    Whether the 2000 Plan Administrator was authorized to use an "age of 62"
11  definition when it awarded Plaintiff stock options under the 2000 Plan and individual stock
12  option agreements;

13      c.    Whether the 2000 Plan Administrator's use of an "age of 62" definition
14  constituted misrepresentation, failure to disclose or mistake;

15      d.    Whether the 2000 Plan Administrator's use of an "age of 62" definition
16  constituted failure to administer the stock option plan with prudence, reasonable care, and
17  competence;

18      e.    Whether the 2000 Plan Administrator's use of an "age of 62" definition
19  constituted a breach of fiduciary duty; and

20      f.    Whether there is any basis for Plaintiff to claim entitlement to attorneys'
21  fees.

    **4.**    **Motions**

23      There are no prior or pending motions.  The parties believe that cross-motions for
24  summary judgment will resolve some or all of the issues in the case.

    **5.**    **Amendment of Pleadings**

26      The parties do not anticipate amendments to the pleadings at this time.

    **6.**    **Evidence Preservation**

28      Both parties have taken appropriate steps to ensure relevant evidence is preserved.

**7.     Disclosures**

The parties anticipate making full and timely initial disclosures when required.

**8.     Discovery**

There has been no formal discovery taken to date.  The parties expect to serve document requests and interrogatories, and to take a relatively small number of depositions, primarily in California and Massachusetts.  Third parties may also be subpoenaed.  The parties' respective timetable for conducting discovery is as follows:

|  | **Plaintiff's Proposed Scheduling** | **Defendant's Proposed Scheduling** |
| --- | --- | --- |
| Non-Expert Discovery Cutoff | Mid-June | Mid-October |
| Expert Discovery Cutoff | Mid-August | Mid-December |

**9.     Class Actions**

Not applicable at this time.

**10.    Related Cases**

Not applicable.

**11.    Relief**

Plaintiff seeks the following relief:

a.     Reinstatement of options under the 2000 Plan;

b.     Retroactive application of the Rule of 62 to options under the 1992, 1995 and 2000 Plans and the ability to retroactively exercise those options;

c.     Damages of at least $896,048;

d.     Prejudgment interest;

e.     Attorneys' fees;

f.     Costs; and

g.     Such other further relief as the Court deems just and proper.

**12.    Settlement and ADR**

The parties have agreed to participate in an early settlement conference conducted by a Magistrate Judge.

| | | |
|---|---|---|
| 1 | **13.** | **Consent to Magistrate Judge For All Purposes** |

Plaintiff filed a Declination to Proceed Before a U.S. Magistrate Judge and the case has been reassigned to a United States District Judge.

**14.** **Other References**

The parties do not believe that this case is suitable for any references.

**15.** **Narrowing Issues**

The parties believe that issues in this case can be narrowed by summary judgment motions.

**16.** **Expedited Scheduling**

The parties do not believe this case is susceptible to resolution on an expedited basis with streamlined procedures.

**17.** **Scheduling**

|  | **Plaintiff's Proposed Scheduling** | **Defendant's Proposed Scheduling** |
|---|---|---|
| Non-Expert Discovery Cutoff | June 16, 2008 | October 17, 2008 |
| Expert Discovery Cutoff | August 15, 2008 | December 12, 2008 |
| Hearing on Dispositive Motions | September 15, 2008 | January 26, 2009, at 9:00 a.m. |
| Pretrial Conference | October 6, 2008 | Feb. 23, 2009, at 3:00 p.m. |
| Trial | November 3, 2008 | March 10, 2009, at 9:00 a.m. |

**18.** **Trial**

Defendant contends that Plaintiff made an untimely Demand for Jury Trial on September 20, 2007. Should the Court agree that Plaintiff's demand was untimely, Plaintiff intends to seek relief from this Court.

**19.** **Disclosure of Non-Party Interested Entities or Persons**

Defendant filed its Disclosure of Non-Party Interested Entities or Persons on August 3, 2007. According to Defendant, there are no parties, other than the named parties, with an interest in this case.

1  **20.    Other**

2       The stock option agreements between Plaintiff and Defendant have a
3  Massachusetts choice of law provision.  Defendant does not believe that another named
4  defendant – Boston Scientific Corporation 2000 Long Term Incentive Plan – is a distinct entity
5  susceptible to suit.

6  DATED:  February 15, 2008             Shopoff & Cavallo LLP

7

8

9                                         By:_____\s_____
                                              Gregory S. Cavallo
10                                            Attorneys for Plaintiff
                                              DONALD MASTERS
11
   DATED:  February 15, 2008             Bingham McCutchen LLP
12

13

14                                        By:_____\s_____
                                              Thomas Kuhnle
15                                            Attorneys for Defendant
                                              BOSTON SCIENTIFIC CORPORATION
16

17

18

19

20

21

22

23

24

25

26

27

28