Bingham McCutchen LLP
THOMAS E. KUHNLE (SBN 1041641)
email: tom.kuhnle@bingham.com
KRISTEN M. PEZONE (SBN 224057)
email: kristen.pezone@bingham.com
1900 University Avenue
East Palo Alto, CA 94303
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD MASTERS,<br><br>        Plaintiff,<br><br>    v.<br><br>BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC CORPORATION 2000 LONG TERM INCENTIVE PLAN and DOES 1-50,<br><br>        Defendant. | No. 5:07-cv-03792-JW<br><br>DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES<br><br>Date:   June 10, 2008<br>Time:  10:00 a.m.<br>Place:  Ctrm. 4, Fifth Floor<br><br>Before: Hon. Howard R. Lloyd |

A/72539966.6/0088579-0000326656                                                  Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO SERVE ADDITIONAL INTERROGATORIES

## TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................................................................. 1
II.  STATEMENT OF FACTS ..................................................................................................... 1
III. ARGUMENT ......................................................................................................................... 3
IV.  RESPONSE TO EACH UNAUTHORIZED INTERROGATORY ..................................... 4
V.   CONCLUSION .................................................................................................................... 10

A/72539966.6/0088579-0000326656   i   Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

## TABLE OF AUTHORITIES

Cases

*Capacchione v. Charlotte-Mecklenburg School*, 182 F.R.D. 486 (W.D.N.C. 1998) ..................... 3

*Safeco of Am. v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998) ....................................................... 3

*Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584 (C.D. Cal.
    1999) ........................................................................................................................................ 3

Statutes

Fed. R. Civ. Proc. 26(b)(1) .............................................................................................................. 3

Fed. R. Civ. Proc. 26(b)(2)(C) ........................................................................................................ 3

Fed. R. Civ. Proc. 33 ................................................................................................................... 1, 2

Other Authorities

Advisory Committee Notes to 1993 Amendment to Rule 33 .......................................................... 3

Rules

Civ. L. R. 33-3 ............................................................................................................................ 3, 4

Other Authorities

Advisory Committee Notes to 1993 Amendment to Rule 33 .......................................................... 3

A/72539966.6/0088579-0000326656                    ii                    Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO SERVE ADDITIONAL INTERROGATORIES

## I. INTRODUCTION

In the Joint Case Management Statement, neither Plaintiff Donald Masters nor Defendant Boston Scientific Corporation requested to serve more than the *twenty-five* interrogatories prescribed in Rule 33 of the Federal Rules of Civil Procedure. That agreement was enshrined in the Court's subsequent Scheduling Order. Thus, Boston Scientific was surprised when Plaintiff served, without warning, an initial batch of *twenty-seven* interrogatories, and now demands that Boston Scientific respond to *eighteen* more, for a total of *forty-five*. Boston Scientific has agreed to respond to six of the interrogatories Plaintiff identifies as "substantive," but it is not amenable to responding to excessive interrogatories that Plaintiff admits are "reformulations" and "follow-ups." Plaintiff cannot show good cause, and his motion to expand discovery beyond the prescribed limits should be denied.

## II. STATEMENT OF FACTS

### A. Brief Summary of Dispute

In this dispute involving stock options, Plaintiff admits "most of the facts are undisputed." Pl. Memo of P&A at 1:5. Those undisputed facts include that Plaintiff was awarded stock options in the year 2000 pursuant to the terms of Boston Scientific's 2000 Long Term Incentive Plan ("2000 Plan"). He quit his job on January 12, 2001. When he left, he was 59 years old. The dispute centers on whether his voluntary termination met the definition of "retirement" specified in each of the stock option grants made pursuant to the 2000 Plan.

The stock option agreements between Boston Scientific and Plaintiff under the 2000 Plan defined retirement as "cessation of employment . . . at or after the normal retirement date specified in the Company's pension or other deferred compensation plan applicable generally to employees of the Company." Boston Scientific has never had a pension plan. Thus, this case focuses on the retirement age in the "other deferred compensation plan applicable generally to employees of the Company." The only "plan" meeting this definition is Boston Scientific's own 401(k) Savings Plan, which defines "retirement" as 62 years of age or older. Because Plaintiff quit the company when he was 59 years old, he did not "retire" under that definition, and because Plaintiff did not "retire," he forfeited his unvested stock options.

A/72539966.6/0088579-0000326656    1    Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

**B.     Plaintiff's First Set of Interrogatories**

On February 27, 2008, Plaintiff served a first set of interrogatories which asked *twenty-seven* separate questions. Declaration of Kristen M. Pezone in support of Defendant Boston Scientific Corporation's Opposition to Plaintiff Donald Masters' Motion for Leave to Serve Additional Interrogatories ("Pezone Decl.") ¶ 2, Ex. A. Boston Scientific responded to every single interrogatory served, including those above the limit set forth in Rule 33(a) of the Federal Rules of Civil Procedure, on April 2, 2008. *Id.* ¶ 3, Ex. B.

**C.     Plaintiff's Proposed Second Set of Interrogatories**

On April 10, 2008, Plaintiff's counsel sent Boston Scientific's counsel *eighteen* additional interrogatories it wished Boston Scientific would answer. *Id.* ¶ 4, Ex. C. As noted below, many of these "new" interrogatories were "reformulations" and "follow-ups" of interrogatories served as part of Plaintiff's first set.

**D.     The Parties' Efforts to Resolve this Dispute by Meeting and Conferring**

As noted above, on April 10, 2008, Plaintiff's counsel sent its proposed second set of interrogatories to Boston Scientific's counsel. After reviewing the interrogatories and consulting with its client, on April 18, 2008 Boston Scientific's counsel stated that Boston Scientific was not inclined to stipulate to allow Plaintiff to serve additional interrogatories at this time but suggested that the parties revisit the issue following the Settlement Conference set for May 5-–just three weeks later. Pezone Decl. ¶ 5, Ex. D.

Without discussing the issue again, on April 24, 2008 Plaintiff precipitously filed this motion. Case Dkt. Entries 33-36. There is no trial date in this case and fact discovery cut-off is October 6, 2008. Case Dkt. Entry 29.

The case did not settle at the May 5, 2008 Settlement Conference. Pezone Decl. ¶ 6. As promised, Boston Scientific revisited the propriety of the second set of interrogatories after the Settlement Conference. On May 16, 2008, Boston Scientific agreed to respond to Interrogatories Nos. 36-38 and 43-45, but did not see any valid reason why Plaintiff should be

A/72539966.6/0088579-0000326656                 2                 Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO SERVE ADDITIONAL INTERROGATORIES

allowed to propound additional interrogatories far above the numerical limit set by the Federal Rules of Civil Procedure and the Court's order. *Id.* ¶ 7.

### III. ARGUMENT

#### A. Applicable Law

As highlighted even by Plaintiff, Rule 33(a) of the Federal Rules of Civil Procedure generally limits parties to *twenty-five* written interrogatories. "The purpose of this revision [was] to reduce the frequency and increase the efficiency of interrogatory practice" because "the device can be costly and may be used as a means of harassment." *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586 (C.D. Cal. 1999) (denying motion to compel responses) (*quoting* Advisory Committee Notes to 1993 Amendment to Rule 33); *Capacchione v. Charlotte-Mecklenburg School*, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (denying motion for leave to serve additional interrogatories); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998) (denying motion to compel responses).

Only upon a showing of good cause may the Court permit Plaintiff to serve additional discovery. Fed. R. Civ. Proc. 26(b)(1). However, the Court must limit the "frequency or extent of discovery" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. Proc. 26(b)(2)(C). Further, Local Rule 33-3 requires Plaintiff to "explain[] in detail why it is necessary to propound the additional questions."

A/72539966.6/0088579-0000326656        3        Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

### B. Boston Scientific Has Agreed to Respond to Six "Substantive" Interrogatories

Here, Boston Scientific already responded to Interrogatories Nos. 26 and 27 in Plaintiff's first set and has agreed to respond to proposed Interrogatories Nos. 36-38 and 43-45 in the second set. Boston Scientific understands these are interrogatories Plaintiff characterizes as "substantive." Pl. Memo of P&A at 4:16-17.

### C. Plaintiff Admits the Others are "Reformulations" and "Follow-ups" of Earlier Interrogatories

Plaintiff admits that interrogatories at issue are "reformulations" or "follow-ups" of earlier contention interrogatories. Pl. Memo of P&A at 4:14-16. Plaintiff has not shown good cause why his earlier interrogatories need now to be fixed. Further, Plaintiff admits that the reason he wants Boston Scientific to respond to the new "reformulated" and "follow-up" interrogatories is because Boston Scientific allegedly provided "evasive answers" in its earlier responses. *See, e.g., id.* at 1:9, 4:16, 5:2. If evasion is a problem, filing a motion to compel further responses is the appropriate solution. It cannot serve as grounds for the "good cause" required under Rule 26(b)(2) of the Federal Rules of Civil Procedure.

For both of these reasons, and as set forth in detail below, Plaintiff should not be permitted to serve proposed Interrogatories Nos. 28-35 and 40-42 because they are unreasonably cumulative and duplicative and because the burden and expense of responding to proposed Interrogatory No. 39 outweighs any benefit.

## IV.    RESPONSE TO EACH UNAUTHORIZED INTERROGATORY

Pursuant to Rule 33-3 of the Northern District of California's Local Rules, Boston Scientific lists each contested proposed interrogatory below, and explains why each is not necessary to serve in this action.

### INTERROGATORY NO. 28

When did BSX first apply a formula for calculation of retirement age or date to stock options granted under the Boston Scientific 2000 Long-Term Incentive Plan (the "2000 Plan") that permitted a retirement age of less than 62 years of age?

**REASON WHY INTERROGATORY NO. 28 IS NOT NECESSARY**

Plaintiff admits that proposed Interrogatory No. 28 is a reformulation of Plaintiff's first Interrogatory No. 1. *See* Pl. Memo of P&A at 7:6-7. In the first round, Plaintiff asked:

> "When did Boston Scientific Corporation ("BSX") first apply the following or similar definition to stock options granted under the Boston Scientific 2000 Long-Term Incentive Plan (hereinafter referred to as the "Rule of 62").
>
> RETIREMENT: Unless the Administrator expressly provides otherwise, cessation of employment or other service relationship with the Company and its Affiliates, if, as of date of such cessation, (i) the Participant has attained age 50 and has accrued at least five years of service with the Company and its Affiliates and (ii) the sum of the Participant's age and years of service as of such date equals or exceeds 62."

Pezone Decl. ¶ 2, Ex. A (emphasis added). Boston Scientific responded to that request that the Administrator expressly applied the definition that Plaintiff provided. *Id.* ¶ 3, Ex. B. Boston Scientific's response directly answered the question asked; it was not evasive, as Plaintiff contends.

Here, Plaintiff attempts to correct his drafting error by indicating that he intended only to focus on the latter half of that definition, which permitted retirement at an age less than 62. This is an unreasonably cumulative and duplicative request, and there is no good cause to demonstrate that the revised version of this Interrogatory is necessary.

**INTERROGATORY NO. 29**

When did BSX first apply the following rule, or a rule producing a similar result, to stock options granted under the Boston Scientific 2000 Long-Term Incentive Plan (the "2000 Plan")?

> "Retirement": Cessation of employment or other service relationship with the Company and its Affiliates if, as of the date of such cessation, (i) the Participant has attained age 50 and has accrued at least five years of service with the Company and its Affiliates, and (ii) the sum of the Participant's age and years of service as of such date equals or exceeds 62.

The definition of retirement which is stated immediately above, which is the same as the definition stated in the 2000 Plan except for the intentional omission of the phrase

A/72539966.6/0088579-0000326656    5    Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

1  "[u]nless the Administrator expressly provides otherwise," is hereinafter referred to as the

2  "Rule of 62."

### REASON WHY INTERROGATORY NO. 29 IS NOT NECESSARY

4  Again, Plaintiff admits that proposed Interrogatory No. 29 is a reformulation of
5  Interrogatory No. 1. *See* Pl. Memo of P&A at 7:21-24. For the same reasons the Court should
6  deny proposed Interrogatory No. 28, Boston Scientific asks this Court to deny proposed
7  Interrogatory No. 29.

### INTERROGATORY NO. 30

9  Does BSX contend that the Rule of 62 does not apply to the stock options granted
10 to plaintiff Donald Masters in the year 2000?

### REASON WHY INTERROGATORY NO. 30 IS NOT NECESSARY

12  Plaintiff admits that proposed Interrogatory No. 30 is a reformulation of
13  Interrogatory No. 4. *See* Pl. Memo of P&A at 8:2. Interrogatory No. 4 suffers from the same
14  drafting error described above. It relies on Plaintiff's definition of the Rule of 62 defined in
15  Interrogatory No. 1.

16  Interrogatory No. 4 stated:

17  Identify documents and things which support or relate to your contention
    that the **Rule of 62** does not apply to the stock options granted to plaintiff
18  Donald Masters in the year 2000.

19  Pezone Decl. ¶ 2, Ex. A (emphasis added). Boston Scientific responded to Interrogatory No. 4
20  by stating that—based on Plaintiff's own definition of the Rule of 62—it did not contend that the
21  Rule of 62 did not apply. *Id.* ¶ 3, Ex. B. Contrary to Plaintiff's contention in his Motion, this
22  response is not evasive but directly responds to the question Plaintiff propounded.

23  Here, like the proposed interrogatories above, Plaintiff attempts to redefine the
24  Rule of 62. This reformulation of Interrogatory No. 4 is unreasonably duplicative and
25  cumulative. As such, Plaintiff has failed to demonstrate that the revised version of this
26  Interrogatory is necessary.

27

28

A/72539966.6/0088579-0000326656                6                Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO SERVE ADDITIONAL INTERROGATORIES

**INTERROGATORY NO. 31**

If your response to No. 30 is anything but an unqualified "no," identify all documents and things which support or relate to your contention.

**REASON WHY INTERROGATORY NO. 31 IS NOT NECESSARY**

As Plaintiff states, this request is a follow-up to proposed Interrogatory No. 30. *See* Pl. Memo of P&A at 8:15-16. For the same reasons that Interrogatory No. 30 should be denied, this one should be denied as well.

**INTERROGATORY NO. 32**

Does BSX contend that the language "with the consent of the Committee, any early retirement date so specified," as stated in BSX's 2000 Long Term Incentive Plan Non-Qualified Stock Option Agreements (the "2000 Agreements"), cannot refer to the Rule of 62?

**REASON WHY INTERROGATORY NO. 32 IS NOT NECESSARY**

Proposed Interrogatory No. 32 is a reformulation of Interrogatory No. 6, which stated:

> Does BSX contend that "the normal retirement date specified in the Company's pension or deferred compensation plan applicable generally to employees of the Company or, **with the consent of the Committee, any earlier retirement date so specified**," does not refer to the Rule of 62?

Pezone Decl. ¶ 2, Ex. A (emphasis added). Boston Scientific responded to Interrogatory No. 6 by stating that "the 2000 Plan is not 'the Company's pension or deferred compensation plan applicable generally to employees of the Company.'" *Id.* ¶ 3, Ex. B.

Setting aside the fact that Interrogatory No. 6 is vague and ambiguous, and impermissibly compound, if Plaintiff was dissatisfied with Boston Scientific's response to Interrogatory No. 6, the appropriate course is to meet and confer regarding the issue (as the parties finally did on May 16) to try to reach a resolution. It is not appropriate to propound a virtually identical interrogatory in order to circumvent the meet-and-confer process.

Because this request is unreasonably cumulative and duplicative, the revised version of this Interrogatory is not necessary.

A/72539966.6/0088579-0000326656     7     Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

**INTERROGATORY NO. 33**

If your response to No. 32 is anything but an unqualified "no," identify all documents and things which support or relate to your contention.

**REASON WHY INTERROGATORY NO. 33 IS NOT NECESSARY**

Proposed Interrogatory No. 33 follows up on proposed Interrogatory No. 32. To the extent proposed Interrogatory No. 32 is denied, this request should also be denied.

**INTERROGATORY NO. 34**

If your response to No. 32 is anything but an unqualified "no," state all facts to support your contention.

**REASON WHY INTERROGATORY NO. 34 IS NOT NECESSARY**

Proposed Interrogatory No. 34 follows up on proposed Interrogatory No. 32. To the extent proposed Interrogatory No. 32 is denied, this request should also be denied.

**INTERROGATORY NO. 35**

If your response to No. 32 is anything but an unqualified "no," identify all witnesses to support your contention.

**REASON WHY INTERROGATORY NO. 35 IS NOT NECESSARY**

Proposed Interrogatory No. 35 follows up on proposed Interrogatory No. 32. To the extent proposed Interrogatory No. 32 is denied, this request should also be denied.

**INTERROGATORY NO. 39**

Identify all BSX documents that provide for a retirement age less than 62 years old.

**REASON WHY INTERROGATORY NO. 39 IS NOT NECESSARY**

This request is another example of poor drafting as it is unreasonably overbroad in scope and time and would be unduly burdensome and oppressive for Boston Scientific to respond. Moreover, this request is not linked to any long term incentive plan, stock option plan, or deferred compensation plan. This request should be denied because the burden and expense of responding to it outweighs its benefit.

**INTERROGATORY NO. 40**

Do you contend that the Administrator (as defined in the 2000 Plan) made an affirmative statement that the formula for calculation of retirement used in the 2000 Plan would not apply to the stock options granted to Donald Masters in the year 2000?

**REASON WHY INTERROGATORY NO. 40 IS NOT NECESSARY**

Proposed Interrogatory No. 40 is a reformulation of Interrogatory No. 24, which stated:

> Does BSX contend that the definition of retirement stated in the Non-Qualified Stock Option Agreements provided to plaintiff under the 2000 Plan constitutes "expressly provid[ing] otherwise" by the Administrator as defined by the 2000 Plan?

Pezone Decl. ¶ 2, Ex. A. Boston Scientific responded affirmatively to that request stating that "the Plan Administrator's express approval of the form stock option agreements as well as the distribution of the form to employees constituted the 2000 Plan Administrator's express provision for an alternative definition of retirement other than what was stated in the 2000 Plan." *Id.*

Boston Scientific has already answered the question asked in Interrogatory No. 30. It is unreasonably cumulative and duplicative to require Boston Scientific to answer this question again. As such, Plaintiff cannot demonstrate this Interrogatory is necessary.

**INTERROGATORY NO. 41**

If your response to No. 40 is anything but an unqualified "no," state all facts to support your contention.

**REASON WHY INTERROGATORY NO. 41 IS NOT NECESSARY**

Plaintiff states that proposed Interrogatory No. 41 is a follow-up to proposed Interrogatory No. 40. Just as proposed Interrogatory No. 40 is a reformulation of Interrogatory No. 24, the corresponding follow-up question (proposed Interrogatory No. 41) is identical to its counterpart in the first set—Interrogatory No. 25—to which Boston Scientific already responded. For the reasons set forth above in response to proposed Interrogatory No. 40, this request is not necessary.

**INTERROGATORY NO. 42**

If your response to No. 40 is anything but an unqualified "no," identify all documents and things which support or relate to your contention.

**REASON WHY INTERROGATORY NO. 42 IS NOT NECESSARY**

Like the proposed Interrogatory before it, this request is a follow-up to proposed Interrogatory No. 40. Like proposed Interrogatory No. 41, it is also identical to its counterpart in the first set—Interrogatory No. 26—to which Boston Scientific has already responded.

## V. CONCLUSION

Based on the foregoing, Defendant Boston Scientific Corporation respectfully requests the Court deny Plaintiff's Motion for Leave to Serve Additional Interrogatories because Interrogatories Nos. 28-35 and 40-42 are unreasonably cumulative and duplicative and the burden and expense of Interrogatory No. 39 outweighs the benefit.

DATED: May 20, 2008                Bingham McCutchen LLP

By: _____/s/_____
Kristen M. Pezone
Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION

A/72539966.6/0088579-0000326656            10            Case No. 5:07-cv-03792-JW

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES