1   Bingham McCutchen LLP
    THOMAS E. KUHNLE (SBN 1041641)
2   email: tom.kuhnle@bingham.com
    KRISTEN M. PEZONE (SBN 224057)
3   email: kristen.pezone@bingham.com
    1900 University Avenue
4   East Palo Alto, CA 94303
    Telephone: 650.849.4400
5   Facsimile: 650.849.4800

6   Attorneys for Defendant
    BOSTON SCIENTIFIC CORPORATION

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  DONALD MASTERS,                          No. 5:07-cv-03792-JW

13              Plaintiff,                    DECLARATION OF KRISTEN M.
         v.                                   PEZONE IN SUPPORT OF
                                              DEFENDANT BOSTON SCIENTIFIC
14  BOSTON SCIENTIFIC CORPORATION,           CORPORATION'S OPPOSITION TO
    BOSTON SCIENTIFIC CORPORATION 2000       PLAINTIFF'S MOTION FOR LEAVE
15  LONG TERM INCENTIVE PLAN and DOES 1-     TO SERVE ADDITIONAL
    50,                                       INTERROGATORIES
16
                Defendant.
17                                            Date:    June 10, 2008
                                              Time:    10:00 a.m.
18                                            Place:   Ctrm. 4, Fifth Floor

19                                            Before:  Hon. Howard R. Lloyd

20          I, Kristen M. Pezone, declare as follows:

21          1.      I am a member of the State Bar of California and an associate at Bingham

22  McCutchen LLP, counsel of record for Defendant Boston Scientific Corporation ("Boston

23  Scientific") in this action. I have personal, firsthand knowledge of the matters stated in this

24  declaration by virtue of my representation of Boston Scientific in this action. If called and sworn

25  as a witness, I could and would competently testify to such matters.

26          2.      Attached as Exhibit A is a true and correct copy of Plaintiff Donald

27  Masters' first set of interrogatories served on February 27, 2008.

28

A/72537579.2                                          Case No. 5:07-cv-03792-JW

DECLARATION OF KRISTEN M. PEZONE IN SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

1    3.    Attached as Exhibit B is a true and correct copy of Boston Scientific's

2    responses to Plaintiff's first set of interrogatories served on April 2, 2008.

3    4.    Attached as Exhibit C is a true and correct copy of Plaintiff's counsel's

4    April 10, 2008 email to defense counsel as well as the attached draft of the proposed additional

5    interrogatories.

6    5.    Attached as Exhibit D is a true and correct copy of defense counsel's April

7    18, 2008 email explaining that defendant was not inclined to stipulate to allow Plaintiff to serve

8    additional interrogatories at this time, identifying some flaws that Boston Scientific had with the

9    proposed requests as drafted and suggesting that the parties revisit this issue after the settlement

10    conference scheduled for May 5, 2008.

11    6.    The case did not settle at the May 5, 2008 Settlement Conference.

12    7.    On May 16, 2008, in a telephone call with plaintiff's counsel regarding

13    outstanding discovery issues, defense counsel offered that Boston Scientific would respond to

14    Interrogatories Nos. 36-38 and 43-45 but did not see any valid reason why Plaintiff should be

15    allowed to propound the other interrogatories at issue.  Plaintiff's counsel rejected defense

16    counsel's offer.

17

18    I declare under penalty of perjury under the laws of the United States that the

19    foregoing is true and correct and that this declaration was executed in East Palo Alto, California

20    on May 20, 2007.

21

22

23    _____
              /s/
              Kristen M. Pezone

24

25

26

27

28

# EXHIBIT A

1    Jeffrey W. Shopoff (Bar No. 46278)
     Gregory S. Cavallo (Bar No. 173270)
2    James M. Robinson (Bar No. 238063)
     Shopoff & Cavallo LLP
3    505 Sansome Street, Suite 1505
     San Francisco, CA 94111
4    Telephone: 415-984-1975
     Facsimile: 415-984-1978
5
6    Attorneys for Plaintiff DONALD MASTERS

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   DONALD MASTERS,                        CASE NO. 5-07-03792 (JW)

12              Plaintiff,                  **PLAINTIFF DONALD MASTERS'**
                                            **INTERROGATORIES TO DEFENDANT**
13   v.                                     **BOSTON SCIENTIFIC CORPORATION,**
                                            **SET ONE**
     BOSTON SCIENTIFIC CORPORATION,
14   BOSTON SCIENTIFIC CORPORATION
     2000 LONG TERM INCENTIVE PLAN, and
15   DOES 1 though 50,

16              Defendants.

17

18

19   PROPOUNDING PARTY:           DONALD MASTERS

20   RESPONDING PARTY:            BOSTON SCIENTIFIC CORPORATION

21   SET NUMBER:                  ONE

22

23          Pursuant to Federal Rule of Civil Procedure 33, plaintiff Donald Masters hereby requests

24   that defendant Boston Scientific Corporation answer each of the following interrogatories

25   separately, fully and under oath. Defendant's responses are due within thirty (30) days of service of

26   these interrogatories. Fed. R. Civ. P. 33(b)(2). Plaintiff is subject to a duty to supplement his

27   responses to these interrogatories pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

28   ///

SHOPOFF &                              -1-
CAVALLO LLP
                                            INTERROGATORIES, SET ONE

## DEFINITIONS

1.      The terms "Boston Scientific," "BSX," or "Company" as used herein mean defendant Boston Scientific Corporation, its representatives, officers, directors, employees, agents, affiliates, subsidiaries, and attorneys, including any person or entity who served in any such capacity at any time.

2.      The terms "refer" and "relate" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

3.      The term "document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, and includes materials in digital forms. The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

4.      The term "thing" as used herein means any physical object other than a "document."

5.      The term "communication" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

6.      The term "third party" as used herein means any other person or business entity not named in this lawsuit.

SHOPOFF &
CAVALLO LLP

-2-

7.     The terms "and" and "or" as used herein mean "and/or," with the singular form being deemed to include the plural, and vice versa.

## INSTRUCTIONS

A.     In answering these interrogatories, defendant is required to furnish information known or available to him, or in his possession, custody, or control, and not merely such information as the persons preparing the responses know of their own personal knowledge. In answering these interrogatories, defendant is to make a diligent search of its records or other papers, materials and information in its possession, custody or control, including records, papers, materials and information in the possession of his employees, attorneys, consultants, agents, or other representatives, to the extent necessary to provide responsive information.

B.     Unless otherwise indicated, these interrogatories seek information during the period May 29, 1992, through the present.

C.     If defendant cannot respond to an interrogatory fully, after a diligent attempt to obtain the requested information, defendant is required to answer the interrogatory to the extent possible, to specify the portion of the interrogatory he is unable to answer, and to provide whatever information he has regarding the unanswered portion.

D.     If defendant withholds information responsive, in whole or in part, to any interrogatory on any basis, defendant is required to identify: (a) any privilege or immunity from discovery asserted; (b) all documents or things which contain or refer to the information; (c) all individuals having knowledge of the information; (d) the subject matter and general nature of the information; and (e) all facts which are alleged to support the privilege or immunity.

E.     Whenever defendant identifies or describes, or is asked to identify or describe, a document, writing or recording, defendant is required to describe the document, writing or recording fully by: (1) date; (2) subject matter; (3) persons signatory; (4) persons addressed; (5) present custodian; and (6) any other means and designations sufficient to identify the writing specifically for a request for production of documents.

F.     Whenever defendant identifies or describes, or is asked to identify or describe, a person, for individuals, defendant is required to state: (1) the person's full name; (2) the person's

current or last known Internet e-mail address; (3) the person's current or last known business address; (4) the person's current or last known home address; (5) the person's current or last known business telephone number; (6) the person's current or last known home telephone number; (7) the person's current or last known employer; and (8) the person's current or last known title or occupation. If the person's current whereabouts are unknown, defendant is required to state all information known to plaintiff that reasonably may be helpful in locating the person, including but not limited to: (1) the name and address of the person's current spouse; (2) the names and addresses of the person's former spouses; (3) the names and addresses of the person's children; and (4) the names and addresses of the person's other known relatives. If the person has ever been employed by defendant, defendant is required to state: (1) all employment positions which the person has held with defendant; (2) the beginning dates of each such employment position; and (3) the end dates of each such employment position.

G.    Whenever defendant identifies or describes, or is asked to identify or describe, a person, for a legal entity such as a corporation, company, or person other than a natural person, defendant is required to state: (1) the name of the entity; (2) the type of entity (e.g., corporation, partnership, sole proprietorship, etc.); (3) the place of incorporation or organization of the entity; (4) the principal place of business of the entity; and (5) the identity of the three natural persons believed to have the most knowledge of the matter with respect to which the legal entity is named.

H.    Whenever defendant identifies or describes, or is asked to identify or describe an event or chain of events, defendant is required to: (1) state the date or dates of each occurrence relevant to the event; (2) identify all individuals having knowledge of any occurrence or aspect of the event, including but not limited to those involved in, witnessing, supervising, controlling, supporting, requesting, or otherwise participating in the event; (3) describe the role and contribution of each person identified; (4) describe all related events, and all previous or subsequent related attempts whether or not completed and whether or not successful; and (5) describe the motivation and causation for the event.

I.    These discovery requests are intended as continuing, requiring defendant to supplement its answers and responses, setting forth any information within the scope of the

discovery requests that may be acquired by defendant or by its employees, agents, attorneys, or representatives subsequent to defendant's original answers, all as required by Federal Rules of Civil Procedure 26 and 33.

## INTERROGATORIES

### INTERROGATORY NO. 1:

When did Boston Scientific Corporation ("BSX") first apply the following or similar definition to stock options granted under the Boston Scientific 2000 Long-Term Incentive Plan (hereinafter referred to as the "Rule of 62").

> "RETIREMENT": Unless the Administrator expressly provides otherwise, cessation of employment or other service relationship with the Company and its Affiliates if, as of the date of such cessation, (i) the Participant has attained age 50 and has accrued at least five years of service with the Company and its Affiliates, and (ii) the sum of the Participant's age and years of service as of such date equals or exceeds 62.

### INTERROGATORY NO. 2:

Identify every person (by name, telephone number, mailing address, email address, dates of employment, number of options granted, price of options granted, and age) who: (1) had an employment or service relationship with BSX which lasted 5 years or longer; and (2) was over 50 years of age when that employment or service relationship was terminated; and (3) was granted BSX stock options under the Boston Scientific Long-Term Incentive Plan (the "2000 Plan") between December 31, 1999 and May 7, 2001; and (4) terminated their employment or service relationship with BSX from December 31, 1999 to December 31, 2004.

### INTERROGATORY NO. 3:

Identify all claims made against BSX relating to or arising out of stock options granted between December 31, 1999 and May 7, 2001 under the 2000 Plan.

### INTERROGATORY NO. 4:

Identify all documents and things which support or relate to your contention that the Rule of 62 does not apply to the stock options granted to plaintiff Donald Masters in the year 2000.

///

///

SHOPOFF &
CAVALLO LLP

-5-

1  **INTERROGATORY NO. 5:**

2       Identify (by date, evidencing document(s), person(s) responsible for authorization, and

3  authorized date of retirement) all instances in which BSX or anyone acting on its behalf has

4  authorized a retirement age other than age 62.

5  **INTERROGATORY NO. 6:**

6       Does BSX contend that "the normal retirement date specified in the Company's pension or

7  other deferred compensation plan applicable generally to employees of the Company or, with the

8  consent of the Committee, any early retirement date so specified," does not refer to or include the

9  2000 Plan?

10  **INTERROGATORY NO. 7:**

11       If your response to No. 6 is anything but an unqualified "no," identify all documents to

12  support your contention.

13  **INTERROGATORY NO. 8:**

14       If your response to No. 6 is anything but an unqualified "no," identify all witnesses to

15  support your contention.

16  **INTERROGATORY NO. 9:**

17       If your response to No. 6 is anything but an unqualified "no," state all facts to support your

18  contention.

19  **INTERROGATORY NO. 10:**

20       State all facts to support your contention that the retirement date specified in the 2000 Plan

21  does not apply to the BSX stock options granted to plaintiff Donald Masters in the year 2000.

22  **INTERROGATORY NO. 11:**

23       State all facts to support your contention that on January 12, 2001, the retirement age in

24  effect for purposes of stock options granted under the 2000 Plan was in fact 62 years old.

25  **INTERROGATORY NO. 12:**

26       Identify each communication between BSX or anyone acting on its behalf, on the one hand,

27  and plaintiff Donald Masters, on the other hand, where BSX or anyone acting on its behalf

28  ///

-6-

1     represented to plaintiff Donald Masters that the BSX stock options granted to him in the year 2000

2     expired prior to January 12, 2004.

3     **INTERROGATORY NO. 13:**

4          Identify all facts to support BSX representative Amy Kormanski's statement from a January

5     2005 letter to Boston Scientific Option Holders, which states: "For option grants <u>prior</u> to May 7,

6     2001, "retirement" was formerly defined under the Plans as separation from the Company following

7     attainment of age 62."

8     **INTERROGATORY NO. 14:**

9          Does BSX contend that 2000 Plan is not a deferred compensation plan?

10     **INTERROGATORY NO. 15:**

11          If your response to No. 14 is anything but an unqualified "no," identify all documents to

12     support your contention.

13     **INTERROGATORY NO. 16:**

14          If your response to No. 14 is anything but an unqualified "no," identify all witnesses to

15     support your contention.

16     **INTERROGATORY NO. 17:**

17          If your response to No. 14 is anything but an unqualified "no," state all facts to support your

18     contention.

19     **INTERROGATORY NO. 18:**

20          State all facts to support the following conclusion stated in BSX representative Daniel

21     Bird's February 27, 2007 email to plaintiff Donald Masters: "For all of your grants before your

22     termination that were still exercisable, you had until January 12, 2004 to exercise. Starting January

23     13, 2004, any unexercised options were cancelled."

24     **INTERROGATORY NO. 19:**

25          Does BSX contend, as BSX representative Daniel Bird stated in his February 27, 2007 email

26     to plaintiff Donald Masters, that: "It is the employee's responsibility to know the provisions of the

27     plan agreement and as such, no action will be taken with regard to these unexercised cancelled

28     options"?

SHOPOFF &
CAVALLO LLP

INTERROGATORIES, SET ONE

**INTERROGATORY NO. 20:**

If your response to No. 19 is anything but an unqualified "no," identify all documents to support your contention.

**INTERROGATORY NO. 21:**

If your response to No. 19 is anything but an unqualified "no," identify all witnesses to support your contention.

**INTERROGATORY NO. 22:**

If your response to No. 19 is anything but an unqualified "no," state all facts to support your contention.

**INTERROGATORY NO. 23:**

Does BSX contend that options granted to plaintiff Donald Masters in the year 2000 are subject to the Rule of 62 unless the Administrator (as defined in the 2000 Plan) "expressly provides otherwise"?

**INTERROGATORY NO. 24:**

Does BSX contend that the definition of retirement stated in the Non-Qualified Stock Option Agreements provided to plaintiff under the 2000 Plan constitutes "expressly provid[ing] otherwise" by the Administrator (as defined in the 2000 Plan)?

**INTERROGATORY NO. 25:**

If the response to No. 24 is anything but an unqualified "no," state all facts to support your contention.

**INTERROGATORY NO. 26:**

If your response to No. 24 is anything but an unqualified "no," identify all documents to support your contention.

/// 

/// 

/// 

/// 

/// 

SHOPOFF &
CAVALLO LLP

-8-

1

**INTERROGATORY NO. 27:**

2

    If your response to No. 24 is anything but an unqualified "no," identify all witnesses to

3

support your contention.

4

DATED:  February 27, 2008             SHOPOFF & CAVALLO LLP

5

6

By _____

7

    James M. Robinson
    Attorneys for Plaintiff

8

    DONALD MASTERS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHOPOFF &
CAVALLO LLP

INTERROGATORIES, SET ONE

1

## PROOF OF SERVICE

2

3

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

        I am employed in the city and county of San Francisco, State of California.  I am over the

4   age of 18 and not a party to the within action; my business address is:  505 Sansome Street, Suite
    1505, San Francisco, California 94111.

5

        On February 27, 2008, I served the document described as **PLAINTIFF DONALD**

6   **MASTERS' INTERROGATORIES TO DEFENDANT BOSTON SCIENTIFIC**
    **CORPORATION, SET ONE** in this action by placing the true copies thereof enclosed in sealed

7   envelopes addressed as follows:

8   Thomas Eilif Kuhnle
    Kristen Pezone

9   Bingham McCutchen, LLP
    1900 University Avenue

10  East Palo Alto, CA 94303
    Facsimile:  650-849-4800

11

    [ ]     (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing

12          correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
            Service on that same day with postage thereon fully prepaid at San Francisco, California in

13          the ordinary course of business.  I am aware that on motion of the party served, service is
            presumed invalid if postal cancellation date or postage meter date is more than one day after

14          date of deposit for mailing in affidavit.

15  [ ]     (BY FAX) At _____ __.m., I transmitted, pursuant to Rules 2001 et seq., the above-
            described document by facsimile machine (which complied with Rule 2003(3)), to the above-

16          listed fax number(s).  The transmission originated from facsimile phone number (415) 984-
            1978 and was reported as complete and without error.  The facsimile machine properly

17          issued a transmission report, a copy of which is attached hereto.

18  [ ]     (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the offices
            of the addressee.

19

    [X]     (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an

20          overnight delivery service in lieu of delivery by mail to the addressee(s).

21          Executed on February 27, 2008, at San Francisco, California.

22          I declare that I am employed in the office of a member of the bar of this court at whose
    direction the service was made.

23

24          _____
                        Cynthia McIver

25

26

27

28

SHOPOFF &                                  -10-
CAVALLO LLP

                                           **INTERROGATORIES, SET ONE**

# EXHIBIT B

1  Bingham McCutchen LLP
   THOMAS KUHNLE (SBN 178055)
2  email: tom.kuhnle@bingham.com
   KRISTEN M. PEZONE (SBN 224057)
3  email: kristen.pezone@bingham.com
   1900 University Avenue
4  East Palo Alto, CA  94303
   Telephone:  650.849.4400
5  Facsimile:  650.849.4800

6  Attorneys for Defendant
   BOSTON SCIENTIFIC CORPORATION

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  DONALD MASTERS,                        No. 5:07-cv-03792-JW

12             Plaintiff,                   DEFENDANT BOSTON SCIENTIFIC
        v.                                  CORPORATION'S RESPONSES TO
13                                          PLAINTIFF'S FIRST SET OF
    BOSTON SCIENTIFIC CORPORATION,          INTERROGATORIES
14  BOSTON SCIENTIFIC CORPORATION 2000
    LONG TERM INCENTIVE PLAN and DOES 1-
15  50,

16             Defendants.

17

18  PROPOUNDING PARTY:    PLAINTIFF DONALD MASTERS

19  RESPONDING PARTY:     DEFENDANT BOSTON SCIENTIFIC CORPORATION

20  SET NUMBER:           ONE

21          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Boston

22  Scientific Corporation (hereinafter "Defendant" or "Boston Scientific") respond to Plaintiff's

23  First Set of Interrogatories as follows:

24                      GENERAL STATEMENT

25          Discovery in this action is continuing, and Defendant has not yet completed its

26  investigation and discovery.  Therefore, the following responses and objections state Defendant's

27  knowledge, information, and belief as of the date of such responses and objections, and

28

---

A/72451928.5/0088579-0000326656                    1                         5-07-03792(JW)
    DEFENDANT BOSTON SCIENTIFIC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
A/72451928.6/0088579-0000326656

1    Defendant expressly reserves its rights to rely upon and/or introduce into evidence at trial such

2    additional information or facts as it may discovery hereafter.

3    The following General Objections are incorporated into each response below as if

4    set forth therein in full.

5    ## GENERAL OBJECTIONS

6    1.    Defendant objects to these Interrogatories to the extent that they seek

7    information or documents protected from disclosure by the attorney-client privilege, the work

8    product doctrine, or any other applicable privilege.

9    2.    Defendant objects to these Interrogatories, including the definitions and

10    any instructions, to the extent they purport to impose obligations or duties that are not required

11    by the Federal Rules of Civil Procedure.  To the extent Defendant responds to an interrogatory

12    that uses a term defined by Plaintiff, it does not adopt or agree to Plaintiff's definition or waive

13    any objection, but merely uses such defined terms by way of identification.

14    4.    Defendant does not concede the relevance or materiality of any

15    information requested in these Interrogatories.  Defendant's responses are made subject to and

16    without waiving any objections as to the competence, relevance, materiality or admissibility as

17    evidence or for any other purpose, of any of the information or documents referred to in these

18    responses, or of the subject matter covered by these responses, in any subsequent proceeding,

19    including the trial of this action or any other action.

20    Without waiving these objections, the following responses are made on behalf of

21    Defendant.

22    ## RESPONSES TO INTERROGATORIES

23    ## INTERROGATORY NO. 1:

24    When did Boston Scientific Corporation ("BSX") first apply the following or similar

25    definition to stock options granted under the Boston Scientific 2000 Long-Term Incentive Plan

26    (hereinafter referred to as the "Rule of 62").

27    "RETIREMENT":  Unless the Administrator expressly provides
      otherwise, cessation of employment or other service relationship
28    with the Company and its Affiliates if, as of date of such cessation,

---

1   (i) the Participant has attained age 50 and has accrued at least five
    years of service with the Company and its Affiliates, and (ii) the
2   sum of the Participant's age and years of service as of such date
    equals or exceeds 62.

3

4

**RESPONSE TO INTERROGATORY NO. 1:**

5

6       All general objections are incorporated by reference.  Subject to and without waiving the

7   general objections, Defendant responds that the 2000 Long-Term Incentive Plan was duly

8   approved by its stockholders on May 9, 2000.  The definition of "RETIREMENT" appearing

9   above was effective then, and applied thereafter.

**INTERROGATORY NO. 2:**

10

11      Identify every person (by name, telephone number, mailing address, email address, dates

12  of employment, number of options granted, price of options granted, and age) who: (1) had an

13  employment or service relationship with BSX which lasted 5 years or longer; and (2) was over

14  50 years of age when that employment or service relationship was terminated; and (3) was

15  granted BSX stock options under the Boston Scientific Incentive Plan (the "2000 Plan") between

16  December 31, 1999 and May 7, 2001; and (4) terminated their employment or service

17  relationship with BSX from December 31, 1999 to December 31, 2004.

**RESPONSE TO INTERROGATORY NO. 2:**

18

19      All general objections are incorporated by reference.  Defendant objects to this request on

20  the ground that it is vague and ambiguous to the extent "employment" and "service relationship"

21  are not defined.  Defendant further objects to this request to the extent that it seeks information

22  which is protected or prohibited from disclosure under California, federal or other applicable

23  law, including, but not limited to, the right of privacy, as well as any other confidentiality rights

24  possessed by third parties.  Defendant further objects to this request on the grounds that it is

25  overbroad in scope and time, and that information sought is not relevant to any party's claim or

26  defense.

27

28

---

DEFENDANT BOSTON SCIENTIFIC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  **INTERROGATORY NO. 3:**

2      Identify all claims made against BSX relating to or arising out of stock options granted

3  between December 31, 1999 and May 7, 2001 under the 2000 Plan.

4  **RESPONSE TO INTERROGATORY NO. 3:**

5      All general objections are incorporated by reference. Defendant objects to this request on

6  the ground that it is vague and ambiguous to the extent "claims" is not defined. Defendant

7  further objects to this request to the extent that it seeks information which is protected or

8  prohibited from disclosure under California, federal or other applicable law, including, but not

9  limited to, the right of privacy, as well as any other confidentiality rights possessed by third

10 parties. Defendant further objects to this request on the grounds that it is overbroad in scope and

11 time, and that information sought is not relevant to any party's claim or defense.

12 **INTERROGATORY NO. 4:**

13     Identify documents and things which support or relate to your contention that the Rule of

14 62 does not apply to the stock options granted to plaintiff Donald Masters in the year 2000.

15 **RESPONSE TO INTERROGATORY NO. 4:**

16     All general objections are incorporated by reference. Defendant objects to this request on

17 the ground that it is vague and ambiguous. Subject to and without waiving the foregoing general

18 and specific objections, Defendant responds that in Interrogatory #1, Plaintiff defined the "Rule

19 of 62" as the rule set forth in the definition of "RETIREMENT" that appears as part of that

20 Interrogatory. Contrary to Interrogatory #4, Defendant does not contend that, as defined, the

21 "Rule of 62" does not apply to the stock options granted to plaintiff Donald Masters in the year

22 2000.

23 **INTERROGATORY NO. 5:**

24     Identify (by date, evidencing document(s), person(s) responsible for authorization, and

25 authorized date of retirement) all instances in which BSX or anyone acting on its behalf has

26 authorized a retirement age other than age 62.

27

28

1    **RESPONSE TO INTERROGATORY NO. 5:**

2        All general objections are incorporated by reference. Defendant objects to this request on

3    the ground that it is vague and ambiguous to the extent "authorization," "authorized" and

4    "retirement" are not defined. Defendant further objects to this request to the extent that it seeks

5    information which is protected or prohibited from disclosure under California, federal or other

6    applicable law, including, but not limited to, the right of privacy, as well as any other

7    confidentiality rights possessed by third parties. Defendant further objects to this request on the

8    grounds that it is overbroad in scope and time, and that information sought is not relevant to any

9    party's claim or defense.

10   **INTERROGATORY NO. 6:**

11       Does BSX contend that "the normal retirement date specified in the Company's pension

12   or other deferred compensation plan applicable generally to employees of the Company or, with

13   the consent of the Committee, any early retirement date so specified," does not refer to or include

14   the 2000 Plan?

15   **RESPONSE TO INTERROGATORY NO. 6:**

16       All general objections are incorporated by reference. Defendant objects to this request on

17   the grounds that it is overbroad in scope and time. Defendant further objects in that the source of

18   the quoted language is not disclosed, and that the interrogatory as posed is unintelligible.

19   Subject to and without waiving the foregoing general and specific objections, Defendant

20   responds that the 2000 Plan is not the "Company's pension or other deferred compensation plan

21   applicable generally to employees of the Company. . . ." Defendant's pension or deferred

22   compensation plan refers to the 401(k) retirement plan.

23   **INTERROGATORY NO. 7:**

24       If your response to No. 6 is anything but an unqualified "no," identify all documents to

25   support your contention.

26   **RESPONSE TO INTERROGATORY NO. 7:**

27       All general objections are incorporated by reference. Defendant objects to this request on

28   the grounds that it is overbroad in scope and time. Defendant further objects in that the source of

1  the quoted language in Interrogatory #6 is not disclosed, and that the interrogatory as posed is

2  unintelligible. Subject to and without waiving the foregoing general and specific objections,

3  Defendant responds by referring to the documents listed in its response to Interrogatory 10.

4  **INTERROGATORY NO. 8:**

5      If your response to No. 6 is anything but an unqualified "no," identify all witnesses to

6  support your contention.

7  **RESPONSE TO INTERROGATORY NO. 8:**

8      All general objections are incorporated by reference. Defendant objects to this request on

9  the grounds that it is overbroad in scope and time. Defendant further objects in that the source of

10  the quoted language in Interrogatory #6 is not disclosed, and that the interrogatory as posed is

11  unintelligible. Subject to and without waiving the foregoing general and specific objections,

12  Defendant responds by referring to the witnesses listed in its response to Interrogatory 10.

13  **INTERROGATORY NO. 9:**

14      If your response to No. 6 is anything but an unqualified "no," state all facts to support

15  your contention.

16  **RESPONSE TO INTERROGATORY NO. 9:**

17      All general objections are incorporated by reference. Defendant objects to this request on

18  the grounds that it is overbroad in scope and time. Defendant objects to this request on the

19  grounds that it calls for a legal conclusion. Subject to and without waiving the foregoing general

20  and specific objections, Defendant responds by referring to the facts in its response to

21  Interrogatory 10.

22  **INTERROGATORY NO. 10:**

23      State all facts to support your contention that the retirement date specified in the 2000

24  Plan does not apply to the BSX stock options granted to plaintiff Donald Masters in the year

25  2000.

26  **RESPONSE TO INTERROGATORY NO. 10:**

27      All general objections are incorporated by reference. Defendant objects to this request on

28  the ground that the phrase "retirement date" is vague and ambiguous with respect to the "2000

DEFENDANT BOSTON SCIENTIFIC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1    Plan." Subject to and without waiving the foregoing general and specific objections, and

2    assuming "retirement date" refers to the definition of "RETIREMENT" set forth in Interrogatory

3    #1 above, Defendant responds that it does not contend that the entire definition of

4    RETIREMENT in the 2000 Plan does not apply. Instead, that definition provides the 2000 Plan

5    Administrator with authority to define "RETIREMENT" in any manner "expressly provide[d]."

6    In setting forth the terms of the 2000 Plan before it was amended , the Administrator expressly

7    provided that the definition of "RETIREMENT" would be the "the normal retirement date

8    specified in the Company's pension or other deferred compensation plan applicable generally to

9    employees of the Company." As used in the stock option agreements authorized under the 2000

10   Plan, the phrase "the normal retirement date specified in the Company's pension or other

11   deferred compensation plan applicable generally to employees of the Company or, with the

12   consent of the Committee, any early retirement date so specified" does not refer to the 2000 Plan

13   itself because under applicable Internal Revenue Code regulations the 2000 Plan is not a deferred

14   compensation plan. Defendant did not have a pension plan in place in 2000. Defendant did have

15   a deferred compensation plan – its 401(k) retirement plan. That plan defined "normal retirement

16   age" to be a departure from the company at "age 62" or older. In approving the definition of

17   retirement in the stock option agreements as meaning "the normal retirement date specified in the

18   Company's pension or other deferred compensation plan applicable generally to employees of

19   the Company," the 2000 Plan Administrator intended that "the Company's pension or other

20   deferred compensation plan" would mean the 401(k) retirement plan. Other deferred

21   compensation plans, other than the 401(k) retirement plan, are not "applicable generally to

22   employees of the Company." Also, Defendant would not have approved a different definition of

23   retirement in the stock option agreements if it only intended to reiterate a definition already in

24   the 2000 Plan. As such, the definition of retirement in the 2000 stock option agreements

25   meaning does not refer to the "Rule of 62" portion of the definition of RETIREMENT in the

26   2000 Plan. The following witnesses support Defendant's contention: stockholders who

27   approved the 2000 Plan, former members of Defendant's Board of Directors who approved the

28   2000 Plan including John E. Abele, Joseph A. Ciffolillo (retired), Joel L. Fleishman, Ray J.

DEFENDANT BOSTON SCIENTIFIC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
A/72451928.6/0088579-0000326656

1.  Groves, Lawrence L. Horsch, N.J. Nicholas, Jr., Pete M. Nicholas, John E. Pepper, Sen. Warren

2   B. Rudman, and James R. Tobin; current members of the Board of Directors who have

3   knowledge of the 2000 Plan including John E. Abele, Ursula M. Burns, Nancy-Ann DeParle, J.

4   Raymond Elliott, Joel L. Fleishman, Marye Anne Fox, Ray J. Groves, Kristina M. Johnson,

5   Ernest Mario, N.J. Nicholas, Jr., Pete M. Nicholas, John E. Pepper, Uwe E. Reinhardt, Sen.

6   Warren B. Rudman, and James R. Tobin; and employees or former employees who have

7   knowledge of the 2000 Plan including Robert MacLean and Paul Sandman.  Defendant identifies

8   the following documents that support its contention:  Defendant's 2000 Plan, Defendant's form

9   Non-Qualified Stock Option Agreements for Defendant's 2000 Plan authorized by the Plan

10  Administrator, Plaintiff's Non-Qualified Stock Option Agreements for the May and July 2000

11  option grants, Defendant's 401(k) plans from 1994-2007, minutes from stockholder meetings, if

12  any exist, and minutes from the Board of Directors meetings approving the 2000 Plan, minutes

13  from the meetings of the Executive Compensation and Human Resources Committee approving

14  the Plan and the option grants pertaining to Plaintiff's option awards in May, July and December

15  2000 and Internal Revenue Code section 409A and it implementing regulations, *e.g.*, 26 C.F.R.

16  section 1.409A-1(b)(5) as it pertains to the stock options.

17  **INTERROGATORY NO. 11:**

18       State all facts to support your contention that on January 12, 2001, the retirement age in

19  effect for purposes of stock options granted under the 2000 Plan was in fact 62 years old.

20  **RESPONSE TO INTERROGATORY NO. 11:**

21       All general objections are incorporated by reference.  Defendant objects to this request on

22  the ground that it is vague and ambiguous to the extent "retirement age" is not defined.  Subject

23  to and without waiving the foregoing general and specific objections, Defendant responds by

24  referring to the content of its response to Interrogatory 10.

25  **INTERROGATORY NO. 12:**

26       Identify each communication between BSX or anyone acting on its behalf, on the one

27  hand, and plaintiff Donald Masters, on the other hand, where BSX or anyone acting on its behalf

28

1   represented to plaintiff Donald Masters that the BSX stock options granted to him in the year

2   2000 expired prior to January 12, 2004.

3   **RESPONSE TO INTERROGATORY NO. 12:**

4          All general objections are incorporated by reference.  Defendant objects to this request on

5   the ground that it is not relevant to any party's claim or defense.  Defendant further objects that

6   the information sought is not relevant to any party's claim or defense.  Subject to and without

7   waiving the foregoing general and specific objections, Defendant responds as follows:  On May

8   9, July 25, and December 6, 2000, Plaintiff was approved to receive option agreements

9   pertaining to options granted pursuant to the 2000 Plan.  Those agreements communicated that

10  Plaintiff's options expired prior to January 12, 2004.  Further, on March 9, 2007, Dan Bird

11  emailed Plaintiff to inform him that the stock options granted to him in the year 2000 expired

12  prior to January 12, 2004.  On April 3, 2007, Susan Moriconi emailed Plaintiff confirming that

13  the stock options granted to him in the year 2000 expired prior to January 12, 2004.

14  **INTERROGATORY NO. 13:**

15         Identify all facts to support BSX representative Amy Kormanski's statement from a

16  January 2005 letter to Boston Scientific Option Holders, which states: "For option grants prior to

17  May 7, 2001, "retirement" was formerly defined under the 2000 Plans as separation from the

18  Company following attainment of age 62."

19  **RESPONSE TO INTERROGATORY NO. 13:**

20         All general objections are incorporated by reference.  Defendant objects to this request on

21  the grounds that it is vague and ambiguous and unintelligible.  Subject to and without waiving

22  the foregoing general and specific objections, Defendant responds by referring to the content of

23  its response to Interrogatory 10.

24  **INTERROGATORY NO. 14:**

25         Does BSX contend that 2000 Plan is not a deferred compensation plan?

26  **RESPONSE TO INTERROGATORY NO. 14:**

27         All general objections are incorporated by reference.  Defendant objects to this request on

28  the grounds that it is overbroad in time.  Defendant further objects to this request on the ground

---

1   that it is vague and ambiguous to the extent "deferred compensation plan" is not defined.

2   Defendant further objects to this request on the grounds that it calls for a legal conclusion.

3   Subject to and without waiving the foregoing general and specific objections, Defendant

4   responds as follows:  Yes.

5   **INTERROGATORY NO. 15:**

6        If your response to No. 14 is anything but an unqualified "no," identify all documents to

7   support your contention.

8   **RESPONSE TO INTERROGATORY NO. 15:**

9        All general objections are incorporated by reference.  Defendant objects to this request on

10  the grounds that it is overbroad in time.  Defendant objects to this request on the ground that it is

11  vague and ambiguous to the extent "deferred compensation plan" is not defined.  Defendant

12  objects to this request on the grounds that it calls for a legal conclusion.  Subject to and without

13  waiving the foregoing general and specific objections, Defendant responds by referring to the

14  content of its response to Interrogatory 10.

15  **INTERROGATORY NO. 16:**

16       If your response to No. 14 is anything but an unqualified "no," identify all witnesses to

17  support your contention.

18  **RESPONSE TO INTERROGATORY NO. 16:**

19       All general objections are incorporated by reference.  Defendant objects to this request on

20  the grounds that it is overbroad in time.  Defendant further objects to this request on the ground

21  that it is vague and ambiguous to the extent "deferred compensation plan" is not defined.

22  Defendant further objects to this request on the grounds that it calls for a legal conclusion.

23  Subject to and without waiving the foregoing general and specific objections, Defendant

24  responds by referring to the content of its response to Interrogatory 10.

25  **INTERROGATORY NO. 17:**

26       If your response to No. 14 is anything but an unqualified "no," state all facts to support

27  your contention.

28

1   **RESPONSE TO INTERROGATORY NO. 17:**

2         All general objections are incorporated by reference.  Defendant objects to this request on

3   the grounds that it is overbroad in time.  Defendant further objects to this request on the ground

4   that it is vague and ambiguous to the extent "deferred compensation plan" is not defined.

5   Defendant further objects to this request on the grounds that it calls for a legal conclusion.

6   Subject to and without waiving the foregoing general and specific objections, Defendant

7   responds by referring to the content of its response to Interrogatory 10.

8   **INTERROGATORY NO. 18:**

9         State all facts to support the following conclusion stated in BSX representative Daniel

10  Bird's February 27, 2007 email to plaintiff Donald Masters: "For all of your grants before your

11  termination that were still exercisable, you had January 12, 2004 to exercise.  Starting

12  January 13, 2004, any unexercised options were cancelled."

13  **RESPONSE TO INTERROGATORY NO. 18:**

14        All general objections are incorporated by reference.  Defendant objects to this request on

15  the ground that it is relevant to any party's claim or defense.  Subject to and without waiving the

16  foregoing general and specific objections, Defendant responds that Mr. Bird's statement was

17  incorrect.

18  **INTERROGATORY NO. 19:**

19        Does BSX contend, as BSX representative Daniel Bird stated in his February 27, 2007

20  email to plaintiff Donald Masters, that: "It is the employee's responsibility to know the

21  provisions of the plan agreement and as such, no action will be taken with regard to these

22  unexercised cancelled options"?

23  **RESPONSE TO INTERROGATORY NO. 19:**

24        All general objections are incorporated by reference.  Defendant objects to this demand

25  on the ground that it is impermissibly compound.  Subject to and without waiving the foregoing

26  general and specific objections, Defendant responds as follows:  Yes.

27

28

1    **INTERROGATORY NO. 20:**

2          If your response to No. 19 is anything but an unqualified "no," identify all documents to

3    support your contention.

4    **RESPONSE TO INTERROGATORY NO. 20:**

5          All general objections are incorporated by reference. Defendant objects to this demand

6    on the ground that it is impermissibly compound and calls for a legal conclusion. Subject to and

7    without waiving the foregoing general and specific objections, Defendant responds as follows:

8    see the documents listed in the response to Interrogatory 10.

9    **INTERROGATORY NO. 21:**

10         If your response to No. 19 is anything but an unqualified "no," identify all witnesses to

11   support your contention.

12   **RESPONSE TO INTERROGATORY NO. 21:**

13         All general objections are incorporated by reference. Defendant objects to this demand

14   on the ground that it is impermissibly compound and calls for a legal conclusion. Subject to and

15   without waiving the foregoing general and specific objections, Defendant responds as follows:

16   see the persons listed in the response to Interrogatory 10.

17   **INTERROGATORY NO. 22:**

18         If response to No. 19 is anything but an unqualified "no," state all facts to support your

19   contention.

20   **RESPONSE TO INTERROGATORY NO. 22:**

21         All general objections are incorporated by reference. Defendant objects to this demand

22   on the ground that it is impermissibly compound and calls for a legal conclusion. Subject to and

23   without waiving the foregoing general and specific objections, Defendant responds that it is the

24   employee's responsibility to know the provisions of the stock option plan agreements.

25   Nonqualified stock option plans are not covered by the federal Employee Retirement Income

26   Security Act. As such, Defendant has no fiduciary duty toward employees with respect to stock

27   options issued under such plans.

28

1    **INTERROGATORY NO. 23:**

2         Does BSX contend that options granted to plaintiff Donald Masters in the year 2000 are

3    subject to the Rule of 62 unless the Administrator (as defined in the 2000 Plan) "expressly

4    provides otherwise"?

5    **RESPONSE TO INTERROGATORY NO. 23:**

6         All general objections are incorporated by reference.  Subject to and without waiving the

7    foregoing general and specific objections, Defendant responds as follows:  Yes.

8    **INTERROGATORY NO. 24:**

9         Does BSX contend that the definition of retirement stated in the Non-Qualified Stock

10   Option Agreements provided to plaintiff under the 2000 Plan constitutes "expressly provid[ing]

11   otherwise" by the Administrator (as defined in the 2000 Plan)?

12   **RESPONSE TO INTERROGATORY NO. 24:**

13        All general objections are incorporated by reference.  Defendant objects to this request on

14   the grounds that it calls for a legal conclusion.  Subject to and without waiving the foregoing

15   general and specific objections, and assuming the "Rule of 62" refers to the defined term

16   "retirement" referenced in Interrogatory #1 above, Defendant responds as follows:  Yes.  The

17   Plan Administrator's express approval of the form stock option agreements as well as the

18   distribution of the form to employees constituted the 2000 Plan Administrator's express

19   provision for an alternative definition of retirement other than what was stated in the 2000 Plan.

20   **INTERROGATORY NO. 25:**

21        If the response to No. 24 is but an unqualified "no," state all facts to support your

22   contention.

23   **RESPONSE TO INTERROGATORY NO. 25:**

24        All general objections are incorporated by reference.  Defendant objects to this request on

25   the grounds that it calls for a legal conclusion.  Subject to and without waiving the foregoing

26   general and specific objections, Defendant responds by referring to the content of its response to

27   Interrogatory 24.

28

1    <u>**INTERROGATORY NO. 26:**</u>

2         If your response to No. 24 is anything but an unqualified "no," identify all documents to

3    support your contention.

4    <u>**RESPONSE TO INTERROGATORY NO. 26:**</u>

5         All general objections are incorporated by reference.  Defendant objects to this request on

6    the grounds that it calls for a legal conclusion.  Defendant further objects to this request to the

7    extent that it seeks information which is protected or prohibited from disclosure under California,

8    federal or other applicable law, including, but not limited to, the right of privacy, as well as any

9    other confidentiality rights possessed by third parties.  Defendant further objects to this

10   interrogatory in that it violates Rule 33 of the Federal Rules of Civil Procedure in that a party,

11   absent stipulation or court order, may not serve more than 25 interrogatories on any other party.

12   Subject to and without waiving the foregoing general and specific objections, Defendant

13   responds by referring to the documents identified in Interrogatory 10.

14   <u>**INTERROGATORY NO. 27:**</u>

15        If your response to No. 24 is anything but an unqualified "no," identify all witnesses to

16   support your contention.

17   <u>**RESPONSE TO INTERROGATORY NO. 27:**</u>

18        All general objections are incorporated by reference.  Defendant objects to this request on

19   the grounds that it calls for a legal conclusion.  Defendant further objects to this interrogatory in

20   that it violates Rule 33 of the Federal Rules of Civil Procedure in that a party, absent stipulation

21   or court order, may not serve more than 25 interrogatories on any other party.  Subject to and

22   without waiving the foregoing general and specific objections, Defendant responds by referring

23   to the witnesses listed in its response to Interrogatory 10.

24

25

26

27

28

1    DATED:  April 2, 2008                    BINGHAM MCCUTCHEN LLP

2

3                                             By:

4                                                 Kristen M. Pezone
                                                 Attorneys for Defendant
5                                             Boston Scientific Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BOSTON SCIENTIFIC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
A/72451928.6/0088579-0000326656

1

<u>PROOF OF SERVICE</u>

2

    I am over 18 years of age, not a party to this action and employed in the County

3

of San Mateo, California at 1900 University Avenue, East Palo Alto, California 94303-2223. I

4

am readily familiar with the practice of this office for collection and processing of

5

correspondence for mailing with the United States Postal Service and correspondence is

6

deposited with the United States Postal Service that same day in the ordinary course of business.

7

    Today I served the attached:

8

    DEFENDANT BOSTON SCIENTIFIC CORPORATION'S
    RESPONSES TO PLAINTIFF'S FIRST SET OF

9

    INTERROGATORIES

10

by causing a true and correct copy of the above to be placed in the United States Mail at East

11

Palo Alto, California in sealed envelope(s) with postage prepaid, addressed as follows:

12

    Greg Cavallo, Esq.

13

    Shopoff & Cavallo
    505 Sansome St., #1505

14

    San Francisco, CA 94111

15

    I declare that I am employed in the office of a member of the bar of this court at

16

whose direction the service was made and that this declaration was executed on April 2, 2008.

17

18

            _____

19

                Suga A. Ikeda

20

21

22

23

24

25

26

27

28

A/72483238.1

16

PROOF OF SERVICE

# EXHIBIT C

| | |
|---|---|
| **From:** | James M. Robinson [james@shopoffcavallo.com] |
| **Sent:** | Thursday, April 10, 2008 5:04 PM |
| **To:** | Kuhnle, Tom; Pezone, Kristen M. |
| **Cc:** | Gregory S. Cavallo |
| **Subject:** | RE: Masters v. Boston Scientific Corp. |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |
| **Attachments:** | Interrogatories, Set TWO.pdf |

Mr. Kuhnle:

Sure, I can do that. Attached is the current draft of the additional interrogatories we would like to serve on your client. Please let me know whether you are agreeable to our request by no later than Monday, April 14, 2008.

Thank you for your cooperation.

Best regards,

James Robinson

---

James Murray Robinson | Shopoff & Cavallo LLP | www.shopoffcavallo.com
505 Sansome Street | Suite 1505 | San Francisco, California | 94111
james@shopoffcavallo.com | t 415.984.1975 | f 415.984.1978

---

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via e-mail at james@shopoffcavallo.com. Thank you.

---

**From:** Kuhnle, Tom [mailto:tom.kuhnle@bingham.com]
**Sent:** Thursday, April 10, 2008 4:22 PM
**To:** James M. Robinson; Pezone, Kristen M.
**Cc:** Gregory S. Cavallo
**Subject:** RE: Masters v. Boston Scientific Corp.

James:

Could you give us a little better idea of what sorts of interrogatories you have in mind? I am not sure mere "reformulation" meets the "good cause" standard, but I am willing to keep an open mind.

---

**From:** James M. Robinson [mailto:james@shopoffcavallo.com]
**Sent:** Wednesday, April 09, 2008 4:59 PM
**To:** Kuhnle, Tom; Pezone, Kristen M.

**Cc:** Gregory S. Cavallo
**Subject:** Masters v. Boston Scientific Corp.

Mr. Kuhnle:

I am writing to request that your client agree to allow us to propound 15 additional interrogatories. Based on your client's responses to our first set of interrogatories, we believe it is necessary to both reformulate a few of our prior requests and to ask some new requests.

As you pointed out in your responses to our prior Interrogatory Nos. 26 and 27, under FRCP Rule 33, each party is permitted to ask no more than 25 interrogatories. The Court's scheduling order made no reference to a limit on interrogatories. Rather than seek permission from Magistrate Judge Howard R. Lloyd, we hope that you will stipulate to our request. We will, of course, reciprocate your professional courtesy.

Best regards,

James Robinson

James Murray Robinson | Shopoff & Cavallo LLP | www.shopoffcavallo.com
505 Sansome Street | Suite 1505 | San Francisco, California | 94111
james@shopoffcavallo.com | t 415.984.1975 | f 415.984.1978

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via e-mail at james@shopoffcavallo.com. Thank you.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

1  Jeffrey W. Shopoff (Bar No. 46278)
   Gregory S. Cavallo (Bar No. 173270)
2  James M. Robinson (Bar No. 238063)
   Shopoff & Cavallo LLP
3  505 Sansome Street, Suite 1505
   San Francisco, CA 94111
4  Telephone: 415-984-1975
   Facsimile: 415-984-1978
5
   Attorneys for Plaintiff DONALD MASTERS
6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11  DONALD MASTERS,                    CASE NO. 5-07-03792 (JW)

12              Plaintiff,             **PLAINTIFF DONALD MASTERS'**
                                       **INTERROGATORIES TO DEFENDANT**
13     v.                              **BOSTON SCIENTIFIC CORPORATION,**
                                       **SET TWO**
14  BOSTON SCIENTIFIC CORPORATION,
    BOSTON SCIENTIFIC CORPORATION
15  2000 LONG TERM INCENTIVE PLAN, and
    DOES 1 though 50,
16
               Defendants.
17

18

19  PROPOUNDING PARTY:        DONALD MASTERS

20  RESPONDING PARTY:         BOSTON SCIENTIFIC CORPORATION

21  SET NUMBER:               TWO

22

23        Pursuant to Federal Rule of Civil Procedure 33, plaintiff Donald Masters hereby requests

24  that defendant Boston Scientific Corporation answer each of the following interrogatories

25  separately, fully, and under oath. Defendant's responses are due within thirty (30) days of service of

26  these interrogatories. Fed. R. Civ. P. 33(b)(2). Plaintiff is subject to a duty to supplement his

27  responses to these interrogatories pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

28  ///

SHOPOFF &
CAVALLO LLP

                              -1-

## DEFINITIONS

1.      The terms "Boston Scientific," "BSX," or "Company" as used herein mean defendant Boston Scientific Corporation, its representatives, officers, directors, employees, agents, affiliates, subsidiaries, and attorneys, including any person or entity who served in any such capacity at any time.

2.      The terms "refer" and "relate" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

3.      The term "document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, and includes materials in digital forms.  The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

4.      The term "thing" as used herein means any physical object other than a "document."

5.      The term "communication" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

6.      The term "identify" when used in connection with a document means to state, as applicable, the title of the document; its date; the name(s) of the person(s) who wrote, signed, initialized, dictated, or otherwise participated in the creation of the document; the name(s) of the

-2-

INTERROGATORIES, SET TWO

person(s) to whom it was addressed or distributed; the date on which it was distributed; sufficient description of the nature and substance of the document to describe it with particularity and to enable it to be identified; the physical location of the document; the name(s), address(es), and telephone number(s) of its custodian(s).

7.     The term "identify" when used in connection with a person(s) means to state the name, last known residence, business address and telephone numbers(s) of the person(s).

8.     The term "identify" when used in reference to statements and communications, means to describe the statements and communications by: (1) stating the date and place where they were made; (2) identifying each of the makers and recipients thereof in addition to all of the persons present; and (3) indicating the method of communication used.

9.     The term "third party" as used herein means any other person or business entity not named in this lawsuit.

10.     The terms "and" and "or" as used herein mean "and/or," with the singular form being deemed to include the plural, and vice versa.

## INSTRUCTIONS

A.     In answering these interrogatories, defendant is required to furnish information known or available to it, or in its possession, custody, or control, and not merely such information as the persons preparing the responses know of their own personal knowledge.  In answering these interrogatories, defendant is to make a diligent search of its records or other papers, materials and information in its possession, custody or control, including records, papers, materials and information in the possession of its employees, attorneys, consultants, agents, or other representatives, to the extent necessary to provide responsive information.

B.     Unless otherwise indicated, these interrogatories seek information during the period May 29, 1992, through the present.

C.     If defendant cannot respond to an interrogatory fully, after a diligent attempt to obtain the requested information, defendant is required to answer the interrogatory to the extent possible, to specify the portion of the interrogatory he is unable to answer, and to provide whatever information he has regarding the unanswered portion.

SHOPOFF &
CAVALLO LLP

-3-

INTERROGATORIES, SET TWO

1    D.    If defendant withholds information responsive, in whole or in part, to any

2    interrogatory on any basis, defendant is required to identify: (a) any privilege or immunity from

3    discovery asserted; (b) all documents or things which contain or refer to the information; (c) all

4    individuals having knowledge of the information; (d) the subject matter and general nature of the

5    information; and (e) all facts which are alleged to support the privilege or immunity.

6    E.    Whenever defendant identifies or describes, or is asked to identify or describe, a

7    document, writing or recording, defendant is required to describe the document, writing or

8    recording fully by:  (1) date; (2) subject matter; (3) persons signatory; (4) persons addressed; (5)

9    present custodian; and (6) any other means and designations sufficient to identify the writing

10   specifically for a request for production of documents.

11   F.    Whenever defendant identifies or describes, or is asked to identify or describe, a

12   person, for individuals, defendant is required to state: (1) the person's full name; (2) the person's

13   current or last known Internet e-mail address; (3) the person's current or last known business

14   address; (4) the person's current or last known home address; (5) the person's current or last

15   known business telephone number; (6) the person's current or last known home telephone

16   number; (7) the person's current or last known employer; and (8) the person's current or last

17   known title or occupation.  If the person's current whereabouts are unknown, defendant is

18   required to state all information known to plaintiff that reasonably may be helpful in locating the

19   person, including but not limited to:  (1) the name and address of the person's current spouse; (2)

20   the names and addresses of the person's former spouses; (3) the names and addresses of the

21   person's children; and (4) the names and addresses of the person's other known relatives.  If the

22   person has ever been employed by defendant, defendant is required to state:  (1) all employment

23   positions which the person has held with defendant; (2) the beginning dates of each such

24   employment position; and (3) the end dates of each such employment position.

25   G.    Whenever defendant identifies or describes, or is asked to identify or describe, a

26   person, for a legal entity such as a corporation, company, or person other than a natural person,

27   defendant is required to state: (1) the name of the entity; (2) the type of entity (e.g., corporation,

28   partnership, sole proprietorship, etc.); (3) the place of incorporation or organization of the entity;

SHOPOFF &
CAVALLO LLP

-4-

1   (4) the principal place of business of the entity; and (5) the identity of the three natural persons

2   believed to have the most knowledge of the matter with respect to which the legal entity is named.

3        H.     Whenever defendant identifies or describes, or is asked to identify or describe an

4   event or chain of events, defendant is required to:  (1) state the date or dates of each occurrence

5   relevant to the event; (2) identify all individuals having knowledge of any occurrence or aspect of

6   the event, including but not limited to those involved in, witnessing, supervising, controlling,

7   supporting, requesting, or otherwise participating in the event; (3) describe the role and

8   contribution of each person identified; (4) describe all related events, and all previous or

9   subsequent related attempts whether or not completed and whether or not successful; and (5)

10  describe the motivation and causation for the event.

11       I.     These discovery requests are intended as continuing, requiring defendant to

12  supplement its answers and responses, setting forth any information within the scope of the

13  discovery requests that may be acquired by defendant or by its employees, agents, attorneys, or

14  representatives subsequent to defendant's original answers, all as required by Federal Rules of Civil

15  Procedure 26 and 33.

### INTERROGATORIES

17  **INTERROGATORY NO. 28:**

18       When did BSX first apply a formula for calculation of retirement age or date to stock

19  options granted under the Boston Scientific 2000 Long-Term Incentive Plan (the "2000 Plan") that

20  permitted a retirement age of less than 62 years of age?

21  **INTERROGATORY NO. 29:**

22       When did BSX first apply the following rule, or a rule producing a similar result, to stock

23  options granted under the Boston Scientific 2000 Long-Term Incentive Plan (the "2000 Plan")?

24       "Retirement":  Cessation of employment or other service relationship
     with the Company and its Affiliates if, as of the date of such

25       cessation, (i) the Participant has attained age 50 and has accrued at
     least five years of service with the Company and its Affiliates, and (ii)

26       the sum of the Participant's age and years of service as of such date
     equals or exceeds 62.

27

28       The definition of retirement which is stated immediately above, which is the

SHOPOFF &
CAVALLO LLP

-5-

1  same as the definition stated in the 2000 Plan except for the intentional omission of

2  the phrase "[u]nless the Administrator expressly provides otherwise," is hereinafter

3  referred to as the "Rule of 62."

4  **INTERROGATORY NO. 30:**

5      Does BSX contend that the Rule of 62 does not apply to the stock options granted to

6  plaintiff Donald Masters in the year 2000?

7  **INTERROGATORY NO. 31:**

8      If your response to No. 30 is anything but an unqualified "no," identify all documents and

9  things which support or relate to your contention.

10  **INTERROGATORY NO. 32:**

11      Does BSX contend that the language "with the consent of the Committee, any early

12  retirement date so specified," as stated in BSX's 2000 Long-Term Incentive Plan Non-Qualified

13  Stock Option Agreements (the "2000 Agreements"), cannot refer to the Rule of 62?

14  **INTERROGATORY NO. 33:**

15      If your response to No. 32 is anything but an unqualified "no," identify all documents and

16  things which support or relate to your contention.

17  **INTERROGATORY NO. 34:**

18      If your response to No. 32 is anything but an unqualified "no," state all facts to support

19  your contention.

20  **INTERROGATORY NO. 35:**

21      If your response to No. 32 is anything but an unqualified "no," identify all witnesses to

22  support your contention.

23  **INTERROGATORY NO. 36:**

24      Do you contend that the phrase "deferred compensation plan," as used in the 2000

25  Agreements, is a term defined by the 2000 Agreements?

26  **INTERROGATORY NO. 37:**

27      If your response to No. 36 is anything but an unqualified "no," state all facts to support

28  your contention.

SHOPOFF &
CAVALLO LLP

-6-

**INTERROGATORY NO. 38:**

State all facts to support BSX's claim (as stated in BSX's response to Interrogatory No. 10) that Internal Revenue Code section 409A and its implementing regulations provide the definition of "deferred compensation plan" applicable to the 2000 Agreements.

**INTERROGATORY NO. 39:**

Identify all BSX documents that provide for a retirement age less than 62 years old.

**INTERROGATORY NO. 40:**

Do you contend that the Administrator (as defined in the 2000 Plan) made an affirmative statement that the formula for calculation of retirement used in the 2000 Plan would not apply to the stock options granted to Donald Masters in the year 2000?

**INTERROGATORY NO. 41:**

If your response to No. 40 is anything but an unqualified "no," state all facts to support your contention.

**INTERROGATORY NO. 42:**

If your response to No. 40 is anything but an unqualified "no," identify all documents and things which support or relate to your contention.

**INTERROGATORY NO. 43:**

State all reasons BSX added the following definition to the 2000 Plan:

> "Retirement": Unless the Administrator expressly provides otherwise, Cessation of employment or other service relationship with the Company and its Affiliates if, as of the date of such cessation, (i) the Participant has attained age 50 and has accrued at least five years of service with the Company and its Affiliates, and (ii) the sum of the Participant's age and years of service as of such date equals or exceeds 62.

**INTERROGATORY NO. 44:**

State all reasons BSX added the following definition to the 2000 Agreements:

> "Retirement": Unless the Administrator expressly provides otherwise, Cessation of employment or other service relationship with the Company and its Affiliates if, as of the date of such cessation, (i) the Participant has attained age 50 and has accrued at least five years of service with the Company and its Affiliates, and (ii) the sum of the Participant's age and years of service as of such date equals or exceeds 62.

SHOPOFF &
CAVALLO LLP

**INTERROGATORIES, SET TWO**

**INTERROGATORY NO. 45:**

State all facts explaining why, under BSX's stated position in this case, BSX did not immediately implement the formula for calculation of retirement age stated in Interrogatory No. 45.


DATED: _____, 2008                    SHOPOFF & CAVALLO LLP


                                          By _____
                                                James M. Robinson
                                          Attorneys for Plaintiff
                                          DONALD MASTERS

1

## PROOF OF SERVICE

2

3

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

4

    I am employed in the city and county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  505 Sansome Street, Suite 1505, San Francisco, California 94111.

5

6

    On _____, 2008, I served the document described as **PLAINTIFF DONALD MASTERS' INTERROGATORIES TO DEFENDANT BOSTON SCIENTIFIC CORPORATION, SET TWO** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

7

8

Thomas Eilif Kuhnle
Kristen Pezone
Bingham McCutchen, LLP
1900 University Avenue
East Palo Alto, CA 94303
Facsimile:  650-849-4800

9

10

11

12

[X]    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

[ ]    (BY FAX) At _____ \_\_.m., I transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s).  The transmission originated from facsimile phone number (415) 984-1978 and was reported as complete and without error.  The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

16

17

18

[ ]    (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the offices of the addressee.

19

20

[ ]    (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

21

    Executed on _____, 2008, at San Francisco, California.

22

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

25

                     Cynthia McIver

26

27

28

# EXHIBIT D

**From:** Kuhnle, Tom
**Sent:** Friday, April 18, 2008 3:32 PM
**To:** 'James M. Robinson'
**Cc:** Pezone, Kristen M.; Gregory S. Cavallo
**Subject:** RE: Masters v. Boston Scientific Corp.

James:

At present, we cannot agree to respond to the draft interrogatories.  The Federal Rules of Civil Procedure prescribe a limit of 25 interrogatories.  Your initial set of interrogatories were not particularly economical, and the draft second set shares that trait.  Some in the second set pose questions to which we have already responded, while others simply don't make sense (interrogatory 45, for example, cross-references itself).  While we are not inclined to stipulate to interrogatories beyond what is prescribed in the Federal Rules, we suggest that the parties revisit this issue after the settlement conference, at which time both sides will better understand their respective positions and it may be possible to efficiently exchange key bits of missing information.

**From:** James M. Robinson [mailto:james@shopoffcavallo.com]
**Sent:** Wednesday, April 16, 2008 6:27 PM
**To:** Kuhnle, Tom
**Subject:** RE: Masters v. Boston Scientific Corp.

Mr. Kuhnle-

Have you made a decision regarding the additional interrogatories?  I'd like to get this matter resolved as soon as possible.

Thank you,

James Robinson

James Murray Robinson | Shopoff & Cavallo LLP | www.shopoffcavallo.com
505 Sansome Street | Suite 1505 | San Francisco, California | 94111
james@shopoffcavallo.com | t 415.984.1975 | f 415.984.1978

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via e-mail at james@shopoffcavallo.com. Thank you.

**From:** Kuhnle, Tom [mailto:tom.kuhnle@bingham.com]
**Sent:** Sunday, April 13, 2008 9:17 PM
**To:** James M. Robinson; Pezone, Kristen M.
**Cc:** Gregory S. Cavallo
**Subject:** RE: Masters v. Boston Scientific Corp.

James:

I am just looking at these tonight, and will need to get client input, which typically takes a few days.  I will get back to you as soon as I can, though I suspect it will be mid-week.

---

**From:** James M. Robinson [mailto:james@shopoffcavallo.com]
**Sent:** Thursday, April 10, 2008 5:04 PM
**To:** Kuhnle, Tom; Pezone, Kristen M.
**Cc:** Gregory S. Cavallo
**Subject:** RE: Masters v. Boston Scientific Corp.

Mr. Kuhnle:

Sure, I can do that.  Attached is the current draft of the additional interrogatories we would like to serve on your client.  Please let me know whether you are agreeable to our request by no later than Monday, April 14, 2008.

Thank you for your cooperation.

Best regards,

James Robinson

---

James Murray Robinson | Shopoff & Cavallo LLP | www.shopoffcavallo.com
505 Sansome Street | Suite 1505 | San Francisco, California | 94111
james@shopoffcavallo.com | t 415.984.1975 | f 415.984.1978

---

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via e-mail at james@shopoffcavallo.com. Thank you.

---

**From:** Kuhnle, Tom [mailto:tom.kuhnle@bingham.com]
**Sent:** Thursday, April 10, 2008 4:22 PM
**To:** James M. Robinson; Pezone, Kristen M.
**Cc:** Gregory S. Cavallo
**Subject:** RE: Masters v. Boston Scientific Corp.

James:

Could you give us a little better idea of what sorts of interrogatories you have in mind?  I am not sure mere "reformulation" meets the "good cause" standard, but I am willing to keep an open mind.

---

**From:** James M. Robinson [mailto:james@shopoffcavallo.com]
**Sent:** Wednesday, April 09, 2008 4:59 PM
**To:** Kuhnle, Tom; Pezone, Kristen M.
**Cc:** Gregory S. Cavallo
**Subject:** Masters v. Boston Scientific Corp.

Mr. Kuhnle:

I am writing to request that your client agree to allow us to propound 15 additional interrogatories. Based on your client's responses to our first set of interrogatories, we believe it is necessary to both reformulate a few of our prior requests and to ask some new requests.

As you pointed out in your responses to our prior Interrogatory Nos. 26 and 27, under FRCP Rule 33, each party is permitted to ask no more than 25 interrogatories. The Court's scheduling order made no reference to a limit on interrogatories. Rather than seek permission from Magistrate Judge Howard R. Lloyd, we hope that you will stipulate to our request. We will, of course, reciprocate your professional courtesy.

Best regards,

James Robinson

James Murray Robinson | Shopoff & Cavallo LLP | www.shopoffcavallo.com
505 Sansome Street | Suite 1505 | San Francisco, California | 94111
james@shopoffcavallo.com | t 415.984.1975 | f 415.984.1978

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via e-mail at james@shopoffcavallo.com. Thank you.

=================================================================================
Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
=================================================================================