1  Jeffrey W. Shopoff (Bar No. 46278)
   Gregory S. Cavallo (Bar No. 173270)
2  James M. Robinson (Bar No. 238063)
   Shopoff & Cavallo LLP
3  505 Sansome Street, Suite 1505
   San Francisco, CA 94111
4  Telephone: 415-984-1975
   Facsimile: 415-984-1978
5
6  Attorneys for Plaintiff DONALD MASTERS

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  DONALD MASTERS,                    | CASE NO. 5-07-03792 (JW)

12                     Plaintiff,      | **REPLY IN SUPPORT OF PLAINTIFF
                                       | DONALD MASTERS' MOTION FOR
    v.                                 | LEAVE TO SERVE ADDITIONAL
13                                     | INTERROGATORIES**

    BOSTON SCIENTIFIC CORPORATION,
14  BOSTON SCIENTIFIC CORPORATION      | **[F.R.C.P. Rules 33 and 26(b)(2); Local Rule
    2000 LONG TERM INCENTIVE PLAN, and | 33-3]**
15  DOES 1 though 50,

16                     Defendants.     | Date:   June 10, 2008
                                       | Time:   10:00 a.m.
17                                     | Place:  Courtroom 2, 5th Floor
                                       | Judge:  Magistrate Judge Howard R. Lloyd
18

19

20

21  **I.    INTRODUCTION**

22          Plaintiff Donald Masters brought this action against Defendant Boston Scientific

23  Corporation ("BSX") claiming approximately $1,000,000, and is clearly entitled to adequate

24  discovery on his claims. However, in a rather transparent effort to avoid committing to a position in

25  this action, BSX has refused to voluntarily respond to interrogatories which ask it to explain why,

26  when, and how it applied (or did not apply) the retirement age formula at the crux of this dispute.

27  In its opposition papers, BSX completely ignores the relevant portions of the Rule 26(b)(2)(C)

28  analysis, and instead simply argues that all but one of Plaintiff's proposed discovery requests are

SHOPOFF &
CAVALLO LLP
                                      -1-

"unreasonably cumulative and duplicative."[1]  For the other interrogatory, BSX – a Fortune 500 company represented by Bingham McCutchen LLP – argues that the burden and expense of the interrogatory outweighs the benefit of responding.  As is discussed in detail below, BSX's contentions are untrue and its analysis incomplete.

BSX also argues that the additional interrogatories are improper because the Court's Scheduling Order does not provide for either party to serve more interrogatories than allowed under Rule 33.  This argument should hold no weight.  As BSX correctly points out, when it came to discovery issues, the Scheduling Order in this action simply incorporated the terms of the parties' Joint Case Management Statement.  The parties, however, did not even discuss the appropriate number of interrogatories for this case, and therefore did not incorporate any discussion into the Joint Case Management Statement.  BSX claims to be "surprised" that Plaintiff wants to serve additional interrogatories, which is a bizarre statement given that BSX has not disputed that this case involves finite but discrete issues that are most efficiently resolved by written interrogatories.

## II.    ARGUMENT

### A.    Plaintiff's Additional Interrogatories Are Not Unreasonably Cumulative And Duplicative

The primary basis for BSX's opposition is that the new interrogatories are reformulations of prior interrogatories, and therefore that the new interrogatories are "unreasonably cumulative and duplicative."  Given the nature of Plaintiff's "reformulation," BSX's conclusion doe not make any sense.  Plaintiff's "reformulation" was to redefine the "Rule of 62" – by eliminating the phrase "Unless the Administrator expressly provides otherwise" – so that BSX must respond to the new interrogatories with respect to the retirement age formula portion of the "Rule of 62."  This significant "reformulation" asks an entirely new question, and requires BSX to provide important information about its position and Plaintiff's claims.  Using the prior definition of the "Rule of 62," BSX could – and did – simply take the position that it "expressly provided" that the retirement age

---

[1] After denying Plaintiff's request to serve additional interrogatories, and after Plaintiff filed this motion, BSX agreed to allow Plaintiff to serve six additional interrogatories.  Thus, for purposes of this Reply, Plaintiff refers only to the contested interrogatories.

1    formula did not apply to Plaintiff.  That response provided absolutely no information about why,

2    how, and when the retirement age formula portion of the "Rule of 62" was applied in general.  In

3    other words, BSX applied a loophole in the definition of the "Rule of 62" to avoid providing

4    Plaintiff with any useful information (by simply stating its legal conclusion and no supporting facts),

5    and now continues its evasive tactics by claiming that it should not have to answer any further

6    questions on the topic.  The application of the retirement age formula of the "Rule of 62" is the

7    central issue in this case, and why, how, and when it was applied are clearly proper issues for

8    discovery.

9        When the phrase "Unless the Administrator expressly provides otherwise" is removed from

10   the definition of the "Rule of 62," the interrogatory asks an entirely new question; a question to

11   which BSX has not responded, and to which Plaintiff is entitled to a response.  Plaintiff should not

12   be allowed to dodge its discovery obligations just because it found a loophole in the original

13   question.

14        **B.        Interrogatory No. 39 Is Necessary**

15       BSX contends that Interrogatory No. 39 should not be allowed because the burden and

16   expense of responding to it outweighs its benefit.  The basis of BSX's contention is that it is

17   overbroad, and not linked to a long term incentive plan, stock option plan, or deferred

18   compensation plan.  Again, BSX is attempting to avoid its discovery obligations by refusing to

19   respond to an undoubtedly important interrogatory.

20       As BSX is well aware, the Stock Option Agreements which provide for the applicable

21   retirement rule, state that the retirement age can be "with the consent of the Committee, any earlier

22   retirement date so specified."  The source of the applicable retirement age is therefore not limited to

23   long term incentive plans, stock option plans, or deferred compensation plans, nor is it limited as to

24   time, so neither should Plaintiff's discovery request be so limited.  Plaintiff is clearly entitled to

25   discovery on which documents could provide for the applicable retirement age.

26   ///

27   ///

28   ///

SHOPOFF &
CAVALLO LLP

-3-

### C.    BSX Fails To Even Discuss The Relevant Rule 26(b)(2)(C) Factors

BSX correctly recognizes that Rule 26(b)(2)(C) sets forth the criteria for when the Court will limit the number of interrogatory requests.  BSX, however, ignores the relevant aspects of the Rule 26(b)(2)(C) analysis.

BSX fails to address the fact that this action involves finite issues which are most adequately and efficiently addressed by interrogatories (rather than depositions).  BSX does not dispute that its position in this case is not likely to be known by one person, and will require application of the facts of the case to the applicable law.  Rather than taking many depositions which will result in no answers, it makes much more sense to require BSX to respond to a few more interrogatories.

BSX also fails to address the fact that key factors in analyzing the burden and expense of the proposed interrogatories are the size of the claim and the parties' resources.  Plaintiff's claim is for nearly $1,000,000, exclusive of interest.  Moreover, BSX is a Fortune 500 company of significant resources, who is represented by a well staffed law firm, Bingham McCutchen.  Conversely, Plaintiff is an individual of limited resources.  The burden on BSX of having to respond to a few additional interrogatories pales in comparison to the burden on Plaintiff of having to conduct several depositions (and then likely having to bring this motion again because the depositions failed to provide the needed information).  BSX has failed to address why the additional interrogatories would be a financial burden, and is in fact attempting to hinder Plaintiff's right to adequate discovery by unjustifiably increasing the cost of this litigation.

## III.    CONCLUSION

Based on his motion papers and this Reply, Plaintiff's Motion for Leave to File Supplemental Interrogatories should be granted.


DATED:  May 23, 2008                         SHOPOFF & CAVALLO LLP


                                             By _____/s/_____
                                                  James M. Robinson
                                             Attorneys for Plaintiff
                                             DONALD MASTERS

SHOPOFF &
CAVALLO LLP