**\*E-FILED 6/11/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD MASTERS, | No. C07-03792 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES** |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC CORPORATION 2000 LONG TERM INCENTIVE PLAN and DOES 1-50, | **[Re: Docket No. 33]** |
| Defendants. | |

Plaintiff Donald Masters moves for leave to serve additional interrogatories. Defendant Boston Scientific Corporation opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the June 10, 2008 hearing, this court grants the motion in part and denies it in part.

**I.  BACKGROUND**

Masters was employed by defendant from July 1994 to December 2001, and then again from December 2003 to the present. In the year 2000, during his first period of employment, he was awarded stock options pursuant to the terms of defendant's 2000 Long Term Incentive Plan ("2000 Plan"). Masters resigned on January 12, 2001. He was 59 years old at that time.

The instant action stems from a dispute as to whether plaintiff's departure in 2001 accelerated the vesting of his stock options – that is, whether he met the following definition of

1  "retirement" under defendant's 2000 Long Term Incentive Plan ("2000 Plan"):

2  "Retirement": Unless the Administrator expressly provides otherwise,
3  cessation of employment or other service relationship with the Company
   and its Affiliates if, as of the date of such cessation, (i) the Participant
4  has attained age 50 and has accrued at least five years of service with
   the Company and its Affiliates, and (ii) the sum of the Participant's
5  age and years of service as of such date equals or exceeds 62.

6  (*See* Opp. at p. 5). Briefly stated, plaintiff claims that defendant never "expressly provide[d]

7  otherwise" and that he satisfied the so-called "Rule of 62" under that Plan – that is, he was 59

8  years old when he quit and had worked for defendant for 6.5 years. In essence, defendant

9  contends that the stock option agreements under the 2000 Plan ("2000 Agreements") "expressly

10 provide[d] otherwise" and that plaintiff did not "retire" in 2001 and therefore forfeited his

11 unvested stock options. Plaintiff filed the instant lawsuit in state court. Defendant removed the

12 matter here, asserting diversity jurisdiction.

13    The parties presently are before this court with a discovery dispute over interrogatories.

14 Plaintiff, without leave of court and apparently without any warning to defendant, served 27

15 interrogatories – i.e., two more than the presumptive limit under Fed. R. Civ. P. 33. Defendant

16 nonetheless responded to all 27 interrogatories.

17    Plaintiff now moves for leave to serve 18 additional interrogatories: proposed

18 Interrogatory Nos. 28-42. Defendant agrees to answer six interrogatories that plaintiff describes

19 as "substantive." Thus, plaintiff's motion is deemed MOOT as to proposed Interrogatory Nos.

20 36-38 and 43-45.

21    However, defendant opposes plaintiff's motion as to proposed Interrogatory Nos. 28-35

22 and 39-42. Plaintiff initially argued that these additional interrogatories are necessary because

23 defendant responded to his first set of interrogatories in an evasive manner. However, as

24 discussed more fully below, the instant motion does not present a situation where defendant was

25 evasive or recalcitrant. Instead, it seems that plaintiff – who was rather cavalier with respect to

26 the presumptive interrogatory limits from the start – is now trying to correct drafting errors in

27 his earlier interrogatories. At the very least, his prior interrogatories appear to have been poorly

28 crafted to obtain the information he now says he really wanted. Indeed, at the motion hearing,

2

1  plaintiff acknowledged that the reason he now seeks leave to propound additional
2  interrogatories is that his earlier interrogatories were inartfully drafted.
3        He nonetheless maintains that the proposed additional interrogatories are the most
4  convenient, most efficient and least expensive way of discovering defendant's contentions and
5  that no undue burden will be imposed. Defendant argues that Masters has already taken
6  liberties with the presumptive 25-interrogatory limit under the Federal Rules of Civil Procedure
7  and that there is no good cause to allow him to propound even more interrogatories which are
8  merely "reformulations" of and "follow-ups" to his earlier ones. It contends that the proposed
9  additional interrogatories in dispute are unreasonably cumulative, duplicative and impose
10 burden and expense that outweigh any benefit to plaintiff.

## II. LEGAL STANDARD

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED.R.CIV.P. 33(a)(1). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." *Id*. The court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. FED.R.CIV.P. 26(b)(2)(C)(i)-(iii). "In practical terms, a party seeking leave to . . . serve more Interrogatories than are contemplated by the Federal Rules or by the Court's Scheduling Order, must make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999).

3

### III.  DISCUSSION

**A.    Proposed Interrogatory No. 28**[1]

Proposed Interrogatory No. 28 asks:  "When did BSX first apply a formula for calculation of retirement age or date to stock options granted under the Boston Scientific 2000 Long-Term Incentive Plan (the "2000 Plan") that permitted a retirement age of less than 62 years of age?"  (Mot. at p. 6).

This interrogatory admittedly is a reformulation of Interrogatory No. 1, which asked:

> When did Boston Scientific Corporation ("BSX") first apply the following or similar definition to stock options granted under the Boston Scientific 2000 Long-Term Incentive Plan (hereinafter referred to as the "Rule of 62"):
>
> "RETIREMENT":  Unless the Administrator expressly provides otherwise, cessation of employment or other service relationship with the Company and its Affiliates if, as of the date of such cessation, (i) the Participant has attained age 50 and has accrued at least five years of service with the Company and its Affiliates, and (ii) the sum of the Participant's age and years of service as of such date equals or exceeds 62.

(Pezone Decl., Ex. A at p. 5).  Defendant responded to Interrogatory No. 1 as follows:

> All general objections are incorporated by reference.  Subject to and without waiving the general objections, Defendant responds that the 2000 Long-Term Incentive Plan was duly approved by its stockholders on May 9, 2000.  The definition of "RETIREMENT" appearing above was effective then, and applied thereafter.

(*Id.*, Ex. B at p. 3).

Defendant's answer to Interrogatory No. 1 directly responds to the question being asked. To the extent plaintiff now claims that he wanted information about whether other employees might have been treated differently (i.e., deemed "retired" at less than 62 years of age), it appears that he is now seeking merely to refocus Interrogatory No. 1.  Nevertheless, Interrogatory No. 28 may yield relevant information beyond that which has already been provided by defendant; and, the court does not find that the burden imposed on defendant outweighs the relevance or importance of the information being requested.  Accordingly, plaintiff's motion as to Interrogatory No. 28 is GRANTED.

---

[1]     The term "BSX," as used in plaintiff's proposed interrogatories, apparently refers to defendant Boston Scientific Corporation.

4

B. **Proposed Interrogatory No. 29**

Proposed Interrogatory No. 29 asks:

When did BSX first apply the following rule, or a rule producing a similar result, to stock options granted under the Boston Scientific 2000 Long-Term Incentive Plan (the "2000 Plan")?

"Retirement": Cessation of employment or other service relationship with the Company and its Affiliates if, as of the date of such cessation, (i) the Participant has attained age 50 and has accrued at least five years of service with the Company and its Affiliates, and (ii) the sum of the Participant's age and years of service as of such date equals or exceeds 62.

(Mot. at p. 7). This interrogatory also admittedly is a reformulation of Interrogatory No. 1 (see above).

As discussed above, defendant's answer to Interrogatory No. 1 was not evasive. Additionally, Interrogatory No. 29 is essentially the same as Interrogatory No. 28, except that it omits the phrase "Unless the Administrator expressly provides otherwise" from the definition of "Retirement" under the 2000 Plan. The court is unpersuaded that there is anything to be gained from Interrogatory No. 29 that is not already covered in Interrogatory No. 28. Interrogatory No. 29 is therefore unreasonably cumulative and duplicative and imposes burden and expense that outweighs the likely benefit to plaintiff. Accordingly, the motion as to Interrogatory No. 29 is DENIED.

C. **Proposed Interrogatory Nos. 30 and 31**

Proposed Interrogatory No. 30 asks: "Does BSX contend that the Rule of 62 does not apply to the stock options granted to plaintiff Donald Masters in the year 2000?" (Mot. at p. 7). Interrogatory No. 31 is a follow-up question, which says, "If your response to No. 30 is anything but an unqualified 'no,' identify all documents and things which support or relate to your contention." (*Id.* at p. 8).

Interrogatory No. 30 is a reformulation of Interrogatory No. 4, which asked defendant to "Identify documents and things which support or relate to your contention that the Rule of 62 does not apply to the stock options granted to plaintiff Donald Masters in the year 2000." (Pezone Decl., Ex. A at p.5). Defendant responded to Interrogatory No. 4 by stating

5

> All general objections are incorporated by reference. Defendant objects to this request on the ground that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant responds that in Interrogatory #1, Plaintiff defined the "Rule of 62" as the rule set forth in the definition of "RETIREMENT" that appears as part of that Interrogatory. Contrary to Interrogatory #4, Defendant does not contend that, as defined, the "Rule of 62" does not apply to the stock options granted to plaintiff Donald Masters in the year 2000.

(*Id.*, Ex. B at p. 4).

The court finds that defendant's answer to Interrogatory No. 4 was not evasive. Rather, plaintiff seems to acknowledge that the proposed Interrogatory No. 30 is meant to correct a "prior defect" in Interrogatory No. 4. That is, Interrogatory No. 4 appears to be based on a definition of "Retirement" in plaintiff's Interrogatory No. 1 that included the phrase "Unless the Administrator expressly provides otherwise" in the preamble, whereas plaintiff now says that he really wanted to focus only on the latter half of that definition. Although it appears that plaintiff was not as prudent as he might have been in the preparation of his earlier interrogatories, the court finds that proposed Interrogatory No. 30 is not unreasonably cumulative or duplicative and that the relevance of the requested information outweighs any burden or expense imposed upon defendant. Accordingly, plaintiff's motion as to proposed Interrogatory No. 30 and the follow-up Interrogatory No. 31 is GRANTED.

### D.    Proposed Interrogatory Nos. 32-35

Proposed Interrogatory No. 32 asks:

> Does BSX contend that the language "with the consent of the Committee, any early retirement date so specified," as stated in BSX's 2000 Long Term Incentive Plan Non-Qualified Stock Option Agreements (the "2000 Agreements"), cannot refer to the Rule of 62?

(Mot. at p. 8). If defendant's answer is anything other than an unqualified "no," proposed follow-up Interrogatory Nos. 33-35 ask defendant to identify all documents, facts and witnesses supporting its contention. (*See id*. at p. 9).

Interrogatory No. 32 is a reformulation of Interrogatory No. 6 which asked:

> Does BSX contend that "the normal retirement date specified in the Company's pension or other deferred compensation plan applicable generally to employees of the Company or, with the consent of the Committee, any early retirement date so specified," does not refer to or

6

1   include the 2000 Plan?

2   (Pezone Decl., Ex. A at p 6). Defendant answered Interrogatory No. 6 by stating:

> All general objections are incorporated by reference. Defendant objects to this request on the grounds that it is overbroad in scope and time. Defendant further objects in that the source of the quoted language is not disclosed, and that the interrogatory as posed is unintelligible. Subject to and without waiving the foregoing general and specific objections, Defendant responds that the 2000 Plan is not the "Company's pension or other deferred compensation plan applicable generally to employees of the Company. . . ." Defendant's pension or deferred compensation plan refers to the 401(k) retirement plan.

(*Id.*, Ex. B at p. 5).

According to plaintiff, the 2000 Agreements specify three sources for the applicable retirement date: (1) defendant's pension plan generally applicable to employees; (2) defendant's deferred compensation plan generally applicable to employees; or (3) "with the consent of the Committee, any early retirement date so specified."[2] Defendant evidently asserts that the only "plan" meeting the definition of "retirement" in the 2000 Agreements is its 401(k) Savings Plan, which reportedly defines "retirement" as 62 years of age or older. Plaintiff says that he wishes to know whether or not defendant takes the position that the "Rule of 62" as stated in the 2000 Plan can be "with the consent of the Committee, an[] early retirement date so specified."

In view of the information plaintiff now says he really wants, Interrogatory No. 6 was unintelligible and poorly drafted. On the record presented, it is not entirely clear what the phrase "with the consent of the Committee, any earlier retirement date so specified" means. Nevertheless, proposed Interrogatory No. 32 may yield relevant information beyond that which has already been provided by defendant, and the court finds that the relevance of the requested information outweighs any burden or expense imposed upon defendant. Accordingly, plaintiff's motion as to proposed Interrogatory No. 32 and the follow-up Interrogatory Nos. 33-35 is GRANTED.

---

[2] At the motion hearing, it was suggested to the court that the "Committee" is the Executive Compensation Committee.

7

**E.     Proposed Interrogatory No. 39**

Proposed Interrogatory No. 39 asks defendant to "Identify all BSX documents that provide for a retirement age less than 62 years old." (Mot. at p. 10).

Plaintiff contends that defendant has arbitrarily asserted that its 401(k) plan is the document that provides the retirement date applicable to plaintiff's stock options. He argues that proposed Interrogatory No. 39 is necessary to discover what other documents might exist that provide for retirement dates that differ from that stated in defendant's 401(k) plan.

Defendant argues that this interrogatory is unreasonably overbroad in scope and time, is not linked to any long term incentive plan, stock option plan, or deferred compensation plan, and is therefore unduly burdensome and oppressive. As discussed above, plaintiff maintains that under the 2000 Agreements, the applicable retirement age can be "with the consent of the Committee, any earlier retirement date so specified." (Reply at p. 3). He argues that the source of the applicable retirement age is therefore not limited to long term incentive plans, stock options plans or deferred compensation plans.

Strictly speaking, proposed Interrogatory No. 39 is not a contention interrogatory. Essentially, it seems that plaintiff wants to test defendant's contention that its 401(k) plan is the document that provides the retirement date applicable to his stock options. This is a reasonable line of inquiry. As noted above, it is not clear what the phrase "with the consent of the Committee, any earlier retirement date so specified" means. Nonetheless, on the record presented, the court is disinclined to limit proposed Interrogatory No. 39 to long term incentive plans, stock options plans or deferred compensation plans because such a limitation might exclude pertinent information. However, the court agrees that the interrogatory is overbroad as to time. Accordingly, the motion as to proposed Interrogatory No. 39 is GRANTED; however, the interrogatory will be limited to the years 2000 through 2002 (the timeframe specified by plaintiff at the motion hearing).

**F.     Proposed Interrogatory Nos. 40-42**

Proposed Interrogatory No. 40 asks:

> Do you contend that the Administrator (as defined in the 2000 Plan) made an affirmative statement that the formula for calculation of retirement used

8

in the 2000 Plan would not apply to the stock options granted to Donald Masters in the year 2000?

(Mot. at p. 11). If defendant's answer is anything other than an unqualified "no," proposed follow-up Interrogatory Nos. 41-42 ask defendant to identify all facts and documents supporting its contention. (*Id*.)

Defendant argues that proposed Interrogatory No. 40 is merely a reformulation of Interrogatory No. 24 which asked:

> Does BSX contend that the definition of retirement stated in the Non-Qualified Stock Option Agreements provided to plaintiff under the 2000 Plan constitutes "expressly provid[ing] otherwise" by the Administrator (as defined in the 2000 Plan)?

(Pezone Decl., Ex. A at p. 8). Defendant responded to Interrogatory No. 24 by stating:

> All general objections are incorporated by reference. Defendant objects to this request on the grounds that it calls for a legal conclusion. Subject to and without waiving the foregoing general and specific objections, and assuming the "Rule of 62" refers to the defined term "retirement" referenced in Interrogatory #1 above, Defendant responds as follows: Yes. The Plan Administrator's express approval of the form stock option agreements as well as the distribution of the form to employees constituted the 2000 Plan Administrator's express provision for an alternative definition of retirement other than what was stated in the 2000 Plan.

(*Id*., Ex. B at 13). Defendant argues that Interrogatory No. 40 (and the related follow-up) interrogatories are unreasonably cumulative and duplicative.

In essence, proposed Interrogatory No. 40 and the earlier Interrogatory No. 24 both appear to seek information as to whether the Administrator ever "expressly provide[d] otherwise" as stated in the 2000 Plan, although proposed Interrogatory No. 40 is more open-ended. Again this appears to be an instance in which plaintiff is attempting to make up for an inartful drafting. Nonetheless, the court finds that Interrogatory No. 40 may yield relevant information beyond that which has already been provided in defendant's response to Interrogatory No. 24; and, the court does not find that the burden imposed on defendant outweighs the relevance or importance of the information being requested. Accordingly, the motion as to proposed Interrogatory No. 40 (and the related follow-up Interrogatory Nos. 41 and 42) is GRANTED.

**IV.  ORDER**

Based on the foregoing, IT IS ORDERED THAT plaintiff's motion for leave to serve additional Interrogatory Nos. 28, 30-35, 39 and 40-42 is GRANTED. His motion for leave to serve additional Interrogatory No. 29 is DENIED.

Dated:   June 11, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-3792 Notice has been electronically mailed to:**

Gregory S. Cavallo , Esq  greg@shopoffcavallo.com, cindy@shopoffcavallo.com

Thomas Eilif Kuhnle  Tom.Kuhnle@Bingham.com

Kristen Pezone  kristen.pezone@bingham.com, mary.maggini@bingham.com

James Murray Robinson  jmr@shopoff.com

Jeffrey William Shopoff  jeff@shopoffcavallo.com, cindy@shopoffcavallo.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.