IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Donald Masters, | No. C 07-03792 JW |
| Plaintiff, | **SECOND REVISED FINAL PRETRIAL CONFERENCE ORDER - BENCH TRIAL** |
| v. | |
| Boston Scientific Corp., et al., | |
| Defendants. / | |

In light of a scheduling conflict, the Court continues the bench trial currently set to begin on April 15, 2009. The Court orders the following changes to the parties' trial schedule:

(1) On or before **June 15, 2009**, the parties shall file their proposed findings of fact and conclusions of law. On or before this date, the parties shall also file a chronology of the events underlying this litigation. If possible, the parties shall submit a joint chronology. The parties may, however, file separate chronologies if they are unable to agree on the factual composition of the chronology.

(2) The parties shall adhere to the following trial schedule.

**TRIAL SCHEDULE**

| **Sessions 1 - 4** | **June 18-June 19, 2009; 9 a.m. - 12 p.m.; 1 p.m. - 4 p.m.** <br><br> **In the event that the Court will be able to provide the parties with an earlier trial date, the Court will notify the parties and provide some alternatives.** |
|---|---|

**Exhibits**

1. On the day before the first day of trial, each party shall lodge with Chambers an exhibit binder for each witness, which shall contain all exhibits which the party contemplates offering into evidence through the witness. Any party objecting to an exhibit shall insert a page in front of the exhibit which identifies the party making the objection and the legal ground for the objection. Although an exhibit to which an objection has been made may be shown to the witness, it shall not be displayed unless the objection is overruled and the exhibit is received into evidence.

2. If the case involves only a few exhibits, instead of witness exhibit binders, the parties may include all exhibits in a single notebook.

3. Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court for display after it is received into evidence.

4. The parties are encouraged to stipulate to the admission into evidence of all exhibits. If the parties stipulate to admissibility, the parties shall indicate, "I am going to show you Exhibit __, which is in evidence by stipulation." The exhibit may be shown to the witness without being formally offered into evidence.

5. The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts to be used at the trial.

**Trial Procedure**

6. Counsel must question witnesses from the podium, using the microphone. Without requesting permission, counsel may approach witnesses for any proper purposes.

7. Address all remarks to the Court, not to opposing counsel.

8. Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

9. No demonstrative exhibits, charts, diagrams or enlargements shall be placed within sight unless previously disclosed to opposing counsel.

10. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

11. <u>Counsel must stand when making an objection.</u> When objections or responses to objections are made, only the legal basis of the objections and responses may be stated.

12. Conferences at the bench or sidebar are not favored by the Court. Any sidebar conferences which are allowed will be off the record. If any counsel wishes to place matters on the record, he or she may so request, and the Court will make a responsive order.

13. Counsel have full responsibility to arrange for the appearance of witnesses during the presentation of their case so as to eliminate delay caused by waiting for witnesses who have been placed on call by counsel.

14. Unless an agreement to the contrary is entered into by opposing counsel, all nonparty or nonexpert witnesses will be excluded from the courtroom when not testifying. When a witness has completed his or her testimony, the witness is excused unless counsel indicates that he or she wishes the witness to remain subject to being recalled. Any witness who has been excused from further testimony may remain as a spectator. It will be the responsibility of counsel to make an announcement at the time the witness steps down that he or she should remain in the environs of the Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assume responsibility for his or her per diem and other expenses as provided by governing rule or statute.

15. Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

16. Counsel should never ask the Court reporter to mark or flag a witness's answer to a particular question. Instead, make a note of the time and subject matter of the testimony you want marked, and inform the reporter unobtrusively at the next recess.

17. Witness examination shall consist of direct examination, cross-examination and re-direct examination. No recross-examination will be allowed without prior approval of the Court specifically indicating the area for recross-examination. When there are multiple defense counsel, they are directed to confer and designate to the Court the sequence in which they wish to be

recognized during trial for purposes of presenting opening statements and conducting cross-examination of witnesses. If one counsel conducts the direct examination of a witness, that same counsel must make objections when the witness is cross-examined. Counsel who will conduct the cross-examination should object while the witness is on direct.

18. From and after the moment the case is called for trial, any objection, motion or other application for relief made by any defense counsel, orally or in writing, shall be deemed to be adopted and joined in by every other defendant, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each defendant unless otherwise stated at the time the ruling is made. Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion. Rather, counsel should rise to be heard only for the purpose of expressly opting out of an objection or motion if that is his or her position.

19. Counsel are directed to deliver to opposing counsel at the end of each trial day (if not earlier) a list of witnesses counsel anticipates calling the next trial day.

20. Counsel calling a non-client witness to testify should have no further discussions with that witness concerning the case or any aspect of his or her testimony after the witness has been tendered for cross-examination and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may engage in discussions with witnesses during trial.

21. Any time taken away from presentation of evidence to the Court, for example, lengthy legal motions made during the time allocated to the presentation of evidence, or delays in the commencement of proceedings due to circumstances within the control of counsel, will be deducted from the time allocated for the presentation of evidence. Upon timely application based upon good cause, the Court may relieve a party of its stipulation to the agreed schedule.

22. It is the practice of the Court periodically to inform counsel of the Court's record of how much time each side has remaining for the presentation of evidence based upon the stipulated trial schedule.

4

23. In an effort to assist the Court in its understanding of the evidence, after each witness has been excused, counsel may request permission to address the Court for purposes of commenting on the significance of the evidence. Commentary shall be limited to 5 minutes for each party. Commentary shall be opened by the side calling the witness (unless waived) and closed by the side cross-examining the witness. No rebuttal to commentary shall be allowed. Commentary must conform to the rules of evidence with respect to closing argument. Time taken for commentary shall be deducted from the time allocated to each side for the presentation of evidence.

**Daily Trial Transcript**

24. Any counsel desiring daily or expedited transcripts during trial should make immediate arrangements with the court reporter and should inform the Court and other counsel of such intentions.

Dated: April 7, 2009

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Gregory S. Cavallo greg@shopoffcavallo.com
James Murray Robinson james@shopoffcavallo.com
Jeffrey William Shopoff jeff@shopoffcavallo.com
Kristen Pezone kristen.pezone@bingham.com
Thomas Eilif Kuhnle Tom.Kuhnle@Bingham.com

**Dated:  April 7, 2009**                                **Richard W. Wieking, Clerk**

                                                          **By:   /s/ JW Chambers**
                                                                 **Elizabeth Garcia**
                                                                 **Courtroom Deputy**